No. 69.—WILLIAM N. BARTLETT, plaintiff in error *vs.* WILLIAM N. BATTS, defendant in error.

[1.]  A suit commenced and prosecuted, by an infant alone, is not absolutely void ; and although defective, in wanting a next friend, the defect is one which, before verdict, is amendable, and after verdict is cured.

[2.] The father of the infant is  not the only person eligible to the place of next friend ; any other may be appointed by the Court, in its discretion.

Trespass, &c., in Lee Superior Court.   Decision by Judge LOVE, November Term, 1853.

William N. Batts brought his action for trespass &c. *vs.* William N. Bartlett.   The infancy of the plaintiff being suggested, counsel for plaintiff moved the appointment of a guardian *ad litem*, for the purpose of prosecuting said suit; which motion was granted, and the Hon. Lott Warren was so appointed. [The father and natural guardian of the  plaintiff not residing in this State.]

This decision is assigned as  error by the  defendant below, and plaintiff in this  Court.

D. A. VASON, for plaintiff in error.

1st.  An infant cannot institute a suit in  his  own name ;  he must appear by guardian or *Prochein ami.* (see 1st. *Dunlap*, *p.* 86. 2 *Saundy Pl. & Evidence* 579, *and cases cited*, 12 *Wendall* 191.   11 *do.* 227.   1 *Cow.* 33.   7th *Johns.* 373.

2nd.  As to appointment of *Prochein ami*, see rules of Court No. 62.   The father as natural guardian, should first be appointed *Prochein ami.*   See *Watson vs. Fraser*, 8th *Munson & W.* 660.   *See* 1 *Tidd's Pr.* 3d *Amer. Ed. sect.* 100 *and notes. Don. and Ky. R. p.* 13.   *Style's R.* 264.   11th *Mess.* 282.   3 *Mess.* 310.

WARREN &. W. A. HAWKINS, for defendant in error.

The *Prochein ami* is not a party to the suit ;  but is only  an

appointment óf the Court to take care of the infant's interest in the suit. (13 *M. & W.* 640-'6.) If the infant sues in his own name, and infancy is pleaded, he may amend by alleging his suit, is by his next friend. (8 *Pickering* 553-'5.)

*By the Court.*—BENNING, J., delivering the opinion.

As to suits by infants, this seems to, have been the state of the Law of England, at the time when .that Law was introduced into Georgia.

Process might be sued out by the infant alone, but the declaration could not regularly be filed before a next friend to the infant had been appointed by the Court, for prosecuting the infant's suit. If the declaration was filed before such a next friend had been appointed, the defendant might, at his option, refuse to plead, or he might go on with his defence. If he chose to go on, and did go on until a verdict had passed against him, he lost all right to object to the non-existence of a next friend in the suit. That after, verdict had become a matter which was cured by the Statutes of jeofails.

If not choosing to go on, the defendant refused to plead to the declaration, or after pleading, refused to take any other of the steps to be taken by defendants before verdict, the Court would not compel him to advance; but neither would it dismiss the infant's suit. It would merely, at that stage of the case, appoint a next friend to the infant; and having appointed one, it would consider the case as standing in the condition in which it would have stood, had a next friend been regularly appointed at the first moment, at which one might properly have been appointed.

The suit, although attended by a next friend, was the suit of the infant's. The next friend was merely an officer of the Court, appointed by the Court to look after the interests of the infant. He was not a party to the suit. (*Macpherson on Inf.* 352. 1 *Tidd Pr.* 99. 2 *Saund. Rep.* 117, *f note (i.)*— *Flight vs. Bodand,* 4 *Russ. R.* 298. *Sinclair vs. Sinclair,* 13 *Mees. & W.* 640.

Since the English Law, in this condition, was introduced into Georgia, there has been no legislation by her Legislature which works any very important change in that Law, as far as the present subject is concerned.   In 1818, the General Assembly passed an Act, which has in it a section in these words : " In every case where there is a good and legal cause of action, plainly and distinctly set forth in the petition, and there is, in substance, a copy served on the defendant or defendants or left at their most notorious place of abode, every other objection shall, on motion, be amended without delay or additional costs". (*Pri. Dig.* 442.)   The effect of this section, is considerably to enlarge the sphere of the amendable.

[1.] Upon the whole, it seems very safe to say, that a suit commenced and prosecuted by an infant alone, is not absolutely void ; and although defective in wanting a next friend, the defect is one which, before verdict is amendable, and after verdict is cured.

[2.] The father of the infant is not the only person that is eligible to the place of next friend.   Any other may be appointed by the Court, in its discretion.   And when the father can be a witness for the infant, or when he neglects the interests of the infant, if another is appointed, it is done in the exercise of a wise discretion.   (1 *Tidd Pr.* 99, 100.   1 *Danl. Ch. Pr.* 94, 95.)

There does not appear to be any material difference between a next friend and a guardian, *ad litem.*   (1 *Tidd*, 99, 100.— *Macpherson on Inf.* 352, 353.)

No error is apparent in the record in this case; and therefore, the decisions of the Court below ought to be affirmed.