MARSHALL, next friend, *v.* MACON SASH, DOOR & LUMBER COMPANY.

A child has no right of action for the homicide of its stepfather.

Argued February 9, — Decided March 24, 1898.

Action for damages. Before Judge Ross. City court of Macon. June term, 1897.

*Marion W. Harris,* for plaintiff.
*Dessau, Bartlett & Ellis,* for defendant.

Lewis, J. Suit was brought by three minor children, by their next friend, to recover damages from the defendant company by reason of its negligence whereby Jim Price, the stepfather of the plaintiffs, was killed. It is alleged that plaintiffs are the only heirs of Price, he having left no widow and no other children, and that he married their mother eight years prior to his death, and from the time of said marriage to the day of his death he maintained and supported plaintiffs as his children, rearing them in his own home, feeding, clothing and schooling them, and exercising over them complete parental control by consent of their mother and of themselves; and that such relation continued up to the date of his death, up to

which time he not only contributed to their support, but they were entirely dependent upon him for a livelihood. The action was dismissed on demurrer on the ground that stepchildren have no right of action for a homicide of a stepfather under the law of Georgia. To this ruling of the court the plaintiffs excepted.

The plaintiffs base their action upon this provision of the Civil Code: "§ 3828. A widow, or, if no widow, a child or children, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter to the surviving child or children. The husband may recover for the homicide of his wife, and if she leaves child or children surviving, said husband and children shall sue jointly, and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action. A mother, or, if no mother, a father, may recover for the homicide of a child minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leave a wife, husband or child. Said mother or father shall be entitled to recover the full value of the life of said child." The clear meaning of these words, in the first sentence quoted, is that a widow may recover for the homicide of her husband, and, if no widow, a child or children may recover for the homicide of the father. It is contended in this case that the stepfather stands in loco parentis as to his stepchildren, and that the latter may recover damages for the negligent homicide of the former. Our attention has been called to no authority in which it has ever been decided that the word "parent," either in the legal or ordinary acceptation of that term, includes a stepfather or stepmother. It is true that cases have arisen in which it has been held for some purposes that the stepfather may stand in loco parentis as to the children of his deceased wife. For instance, where he assumes the care and custody of his infant stepchildren, so long as he maintains them as members of his family under the parental roof, the

law would give him a right to control and govern them as he would his own children; and he would also have the right to protect them against wrong and injury. But it would not follow from this, either that he was under any legal obligation to maintain and support them, or that the children would have any legal interest in his life. Plaintiff in error cites several authorities, and among them the case of *Holloway* v. *Holloway,* 86 *Ga.* 576, where it was held that one who undertakes to care for stepchildren is the head of a family, and as such is entitled to a homestead. This right grows out of the statute which gives to each *head of a family* the right to a homestead, and does not confine the right simply to the parent of minor children. One who assumes the care and support of an infant brother, left fatherless and motherless by the death of its parents, stands in some respects in loco parentis as to such infant, but it certainly can not be urged that on this account the minor would have a right of action for the homicide of the older brother, under the provisions of section 3828 of the Civil Code. The word "parent" is used in the statute for the manifest reason that the child or children might, under certain circumstances, recover either for the homicide of the mother or the father. In the event of no widow, the statute gave them a right of action for the homicide of their father; in the event of the homicide of the mother, the statute gave them a joint right of action with the husband.

The right of action provided for in the above code section did not exist at common law. This statute is, therefore, in derogation of the common law; and applying to it the universal rule of strict construction, we can not see how there is any escape from the conclusion that the legislature never contemplated giving a child any right of action for the homicide of a stepparent.   *Judgment affirmed.   All the Justices concurring.*