2621.   VALE ROYAL MANUFACTURING COMPANY *et al.*
*v.* BRADLEY, for use, etc.

1. An action by a father "suing for the use" of his minor son is in substance a suit by the son. Especially is this true where the allegations of the petition, taken as a whole, clearly show that the cause of action arises solely from injuries received by the son, and that the father seeks to recover damages exclusively for the son on account of such injuries. While the more regular form is for the minor to sue by next friend, it is the substance of the suit, and not its technical form, that must determine its true character. Even if the petition in this case had been defective in form, leaving doubtful who was the real plaintiff, it was amendable in this respect, and the defect was cured by the verdict.

2. Suit was brought by an employee against two defendants to recover damages for personal injuries; and, in response to a notice to produce,

calling for information as to which defendant was the employer of the plaintiff at the time of the injury, the attorney for both defendants stated, in open court, which one of the defendants was the real employer of the plaintiff, and admitted liability of the defendant so designated, if liability existed against either; and thereupon the attorney for the plaintiff, in open court, in view of the admission made as to who was the real party liable if either was liable, dismissed the case as to the other defendant, and asked for a verdict only against the defendant so designated by the admission; and the court charged the jury in accordance with the admission and the dismissal, as though the other defendant was not in the case, and the jury, following instructions of the court, returned a verdict in favor of the plaintiff. *Held,* that the defendant who had been dismissed from the case had no interest in the verdict and judgment against the other defendant, no right to institute any sort of legal proceeding to set aside the verdict and judgment, and no right to sue out a writ of error to any judgment of the trial court relating thereto. Neither could the defendant who was still in the case, and against whom the verdict and judgment were rendered, be heard to object to the verdict because it was not against both defendants. This defendant was bound by the solemn admission in judicio that if any liability existed for the acts complained of in the suit, it alone was liable.

3. In the absence of any issue made by the pleadings, and of any request to charge on the subject, it was not error in the court to fail to instruct the jury that the minor son would not be entitled to recover any damages for reduced earnings between the time of his injuries and his majority, unless he proved manumission by his father, when the undisputed evidence showed that the minor son had been allowed by his father to leave home, to accept employment elsewhere, and to use the entire proceeds of his labor in his own support; and especially is this true where the father is suing to recover these damages for the use of his son, and not for himself.

4. The law applicable to all the issues made by the pleadings and evidence was fairly, fully, and accurately submitted to the jury. No prejudicial error appears; there is some evidence to support the verdict, which, under the facts, was not excessive, and there is no reason why another trial should be granted.

DECIDED JANUARY 17, 1911.

Action for damages; from city court of Savannah—Judge Freeman. February 7, 1910.

Henry Bradley filed a petition against the Vale Royal Manufacturing Company and the Hilton & Dodge Lumber Company to recover damages for personal injuries received by his minor son, Henry Bradley Jr. The petition alleges, in substance, that the son, an inexperienced youth, fifteen years of age, was put to work by the defendants on a dummy switch-engine, and, while so working, his left leg was broken at the middle of the thigh. The petition fully

describes the injuries and alleges that they were serious, painful, and permanent, and also alleges specific grounds of negligence on the part of the defendants, which caused the injuries to the employee. It alleges that it is brought for the use and benefit of the minor son. The allegations distinctly show that the suit is based exclusively upon the injury to the minor son, and that its purpose is to recover damages for him. A general demurrer to the petition was filed by both defendants, which was overruled, and exceptions pendente lite were preserved. Both defendants answered the petition, denying all the allegations thereof, except the first paragraph.

Upon the trial of the cause, and before any evidence was introduced, counsel for the two defendants, in response to a notice to produce, calling for information as to which of the two defendants had employed Henry Bradley Jr., stated in his place that the Vale Royal Manufacturing Company was the real employer of the minor who had been injured, and if there was any liability on account of the injuries, the liability therefor was against it alone. After the conclusion of the evidence and the argument, counsel for the plaintiff stated in his place, in the presence of defendant's counsel and of the court and jury, that in view of the above-recited admission, the plaintiff dismissed the case as to the Hilton & Dodge Lumber Company; and thereupon the court charged the jury as follows: "This case was originally brought against the Hilton & Dodge Lumber Company and against the Vale Royal Manufacturing Company. Under the admission of the defendant, that if there is any liability, it is a liability on behalf of the Vale Royal Manufacturing Company, the other defendant, the Hilton & Dodge Lumber Company, is out of the case, and though the pleadings allege a case against the two defendants, so far as your consideration of it is concerned, there is left, under such admission, only a case as against the defendant, the Vale Royal Manufacturing Company; and on the question of liability or non-liability, you will determine whether or not the Vale Royal Manufacturing Company only is liable in this case." And in stating the form of the verdict the court further charged as follows: "If you find for the plaintiff, having ascertained the amount of the damages, the form of your verdict would be, 'We, the jury, find for the plaintiff,' stating the amount." The verdict was in the following form: "We, the jury, find for the plaintiff $2,500;" and on this verdict the follow-

ing judgment was entered: "Henry Bradley, for use of Henry Bradley Jr., plaintiff, *v.* Vale Royal Manufacturing Company, defendant. The jury empanelled to try said case having, on the 14th day of July, 1909, returned a verdict for plaintiff, for the sum of $2,500, principal, judgment is rendered for the plaintiff against the defendant for the sum of $2,500, principal," etc. Both of the defendants filed motions in arrest of judgment, on the following grounds: (1) The verdict is illegal, in that it does not specify against which of the two defendants it is rendered. (2) The verdict and judgment is invalid, in that the plaintiff in the case is Henry Bradley, whereas the injury and damage was solely to Henry Bradley Jr. Plaintiff filed an answer to this motion, and insisted therein that the judgment followed the petition; that if the plaintiff was not properly described, it was a formal and amendable defect; that the petition shows that the suit was brought by Henry Bradley Jr., for injuries received by him; that the suit was in substance one by Henry Bradley Jr., by his next friend, Henry Bradley, and that if the description of the plaintiff was imperfect, it was cured by the verdict. Plaintiff insisted further, that neither of the movants had any right to object thereto; that upon the trial of the case counsel for the defendants stated in open court that the Vale Royal Manufacturing Company was the employer of the plaintiff; whereupon counsel for plaintiff arose in his place, and, in the presence of defendants' counsel and in open court, stated to the court that, under this admission, the plaintiff dismissed the case as to the Hilton & Dodge Lumber Company; that thereafter the case proceeded against the Vale Royal Manufacturing Company, as appears by the charge of the court, which is a part of the record in the case, and that the Vale Royal Manufacturing Company was estopped from making any point as to the form of the verdict, or the finding of the jury, it having through its counsel made the solemn admission in judicio, and invoked the charge of the court, to the effect that it was the employer of the plaintiff, and that if there was any liability, it was liable and not the Hilton & Dodge Lumber Company; that the Hilton & Dodge Lumber Company can not complain, because the case was discontinued as to it, and because no judgment was entered up by the plaintiff as to it, and because the plaintiff, upon the trial of the case, disclaimed any right to recover against the Hilton & Dodge Lumber Company, and the

plaintiff now disclaims any right against the Hilton & Dodge Lumber Company, under the verdict and judgment rendered in said case, and disclaims that the verdict and judgment are against the Hilton & Dodge Lumber Company, or that the plaintiff has any further right or claim against the Hilton & Dodge Lumber Company by virtue of the matters set up in the declaration in the case. The court overruled the motion in arrest of judgment, and the defendants excepted. The defendants then moved for a new trial, raising in the motion the same questions made in the motion in arrest of judgment, and in addition thereto set out other grounds of error.

*Adams & Adams,* for plaintiffs in error.

*William W. Gordon Jr., Osborne & Lawrence,* contra.

HILL, C. J. (After stating the foregoing facts.)

1. It is manifest, we think, from a review of the facts set out in the record, that the motion in arrest of judgment is without merit. The foregoing statement of facts, verified by the bill of exceptions, shows plainly that the Hilton & Dodge Lumber Company was completely eliminated from the case, and that its attempted reappearance, after the verdict and judgment rendered, not against it, but against the other defendant, is not for the purpose of correcting any error committed against it, or any injury suffered by it, but simply for the extremely technical purpose of extricating the real defendant from the result which necessarily followed the solemn admission in judicio of that defendant. Certainly the Hilton & Dodge Lumber Company can not complain to this court, when the recitals of its bill of exceptions conclusively show that it won its case in the court below by its codefendant's admission of liability, if liability was incurred, and the statement of counsel for the plaintiff that the case was dismissed as to the Hilton & Dodge Lumber Company. The case was dismissed by the plaintiff as to the Hilton & Dodge Lumber Company in open court, and no order was necessary to make the dismissal, acted on by all parties, effective. No verdict was asked against it, and, in so far as the writ of error sued out by the Hilton & Dodge Lumber Company is concerned, it presents to this court merely a moot question, without the slightest juridical controversy. The Vale Royal Manufacturing Company has no right, juridically or otherwise, to complain that no verdict and judgment were rendered against the Hilton & Dodge

Lumber Company, in view of its solemn admission in judicio that there was no liability in any event as against that company, for the reason that the plaintiff was an employee solely of it and not of the Hilton & Dodge Lumber Company, and that if there was any liability arising from the injuries received by the plaintiff, the liability was against it alone. In view of the admission made by the Vale Royal Manufacturing Company of its exclusive liability if there was any liability against any one, and of not only its failure to object to the dismissal of the Hilton & Dodge Lumber Company as a joint defendant in the suit, but its active share in bringing about such dismissal, the claim now made in argument before this court, that the failure to find a verdict against the Hilton & Dodge Lumber Company deprived it of the right of contribution, would seem to be based upon a foundation so fragile as to be invisible to the most astute legal or judicial view. The court below very properly dismissed the motion for a new trial, made by the Hilton & Dodge Lumber Company, and in view of the facts which we have above recited, this court grants the motion to dismiss the writ of error filed by that company.

2. Plaintiffs in error next insist that as, under the form of the petition, Henry Bradley, and not Henry Bradley Jr., was the plaintiff in the case, and as the allegations of the petition show that the injury was to Henry Bradley Jr., no recovery could be based upon the petition, and that the motion in arrest should have been allowed for that reason. In other words, it is contended that Henry Bradley Jr. is not a party to the cause, that Henry Bradley is the only party plaintiff, and that Henry Bradley sets out no cause of action. This contention is based principally upon the commencement of the suit, which is in the following language: "The petition of Henry Bradley, who sues for the use of his son, Henry Bradley Jr., shows," etc., and the conclusion of the suit, which is as follows: "Your petitioner alleges that by reason of said negligence of said defendant corporations, in causing said injuries, he has been damaged in the sum of $10,000, for which amount he seeks judgment." The allegations of the petition, between the beginning and the conclusion thereof, show very clearly two things,—first, that the suit is not by Henry Bradley, to recover for any damages inflicted upon him, or to recover for any loss of services caused by the injuries to his minor son; and secondly,

that the suit, in substance, is to recover damages in behalf of and for the benefit of his minor son, arising out of injuries inflicted upon the son by the negligence of the defendants. The petition is not drawn with technical accuracy. The technical form of pleading in said case would have been for the minor to bring suit by his father as next friend. But discarding the mere technical form and looking to the real substance of the suit, it is manifest that the suit is one brought by the minor through his father as next friend. In the language of Mr. Chief Justice Bleckley, in the case of *Lasseter* v. *Simpson*, 78 *Ga.* 61 (3 S. E. 243), "the more regular form of pleading is for the minor to sue by the next friend, but if the next friend sue as next friend of the minor, it is the same thing in substance." This opinion of the Chief Justice, speaking for the court, has frequently been approved in subsequent decisions. See *Van Pelt* v. *Railroad Co.*, 89 *Ga.* 706 (15 S. E. 622); *Ellington* v. *Beaver Dam Co.*, 93 *Ga.* 55 (19 S. E. 21); *Walden* v. *Walden*, 128 *Ga.* 132 (57 S. E. 323). But if there was any doubt for whose benefit the suit was brought, this doubt should have been resolved by the demands of a special demurrer. Its form should have been made regular and technical, in response to the demands of this "critic" of pleading.

The general demurrer, objecting to the substance of the petition, was very properly overruled, and, in the absence of a special demurrer as to the form, any defective or imperfect description as to who was the real party plaintiff was cured by the verdict. The petition was amendable by adding that it was brought by Henry Bradley Jr., by Henry Bradley, next friend. Civil Code of 1895, § 4947; *Royal* v. *Grant*, 5 *Ga. App.* 644 (63 S. E. 708). For this additional reason, the court did not err in overruling the motion in arrest of judgment; for such a motion can never reach an amendable or curable defect. Civil Code of 1895, § 5362; *Chapman* v. *Taliaferro*, 1 *Ga. App.* 235 (58 S. E. 128); *Davis* v. *Bray*, 119 *Ga.* 220 (46 S. E. 90); *Leffler* v. *Union Compress Co.*, 121 *Ga.* 40 (48 S. E. 710). But as we have above shown, considering all the allegations of the petition, there was no room for doubt as to who was the real plaintiff in the case, or that the legal effect of the suit, as illustrated by the allegations of the petition, made it the suit of Henry Bradley Jr. by his next friend, Henry Bradley. See also, in this connection, *King* v. *King*, 37 *Ga.* 217. The paramount

reason for requiring exactness in pleading is to protect the defendant from a subsequent suit as to the same subject-matter, and the real test is, are the allegations of the petition sufficient to furnish such protection to the defendant? Under the allegations of the petition in this case, is there any room to doubt that the defendant, the Vale Royal Manufacturing Company, would be protected from any subsequent suit as to the subject-matter of this suit, brought either by the father, Henry Bradley, or by the son, Henry Bradley Jr.? Would not a verdict and judgment, in the light of the allegations of the petition, be an absolute protection to the defendant against any subsequent suit involving the injuries complained of? The cases cited by learned counsel for plaintiffs in error to the effect that in an action in tort there can not be an usee, and that if one is named, it is surplusage, and his rights will be disregarded, and that the action will necessarily fail unless the rights of the nominal plaintiff be proved, are not applicable, in our judgment, to cases where suits are brought in behalf of minors, or persons who are not sui juris.

3. Another error which is insisted on very earnestly by learned counsel for plaintiffs in error, and which is covered by several of the grounds in the amended motion for a new trial, is that the court in effect instructed the jury that the plaintiff, Henry Bradley Jr., would be entitled to recover damages during his minority. It is insisted that the evidence did not show manumission on the part of the father, and that manumission must be shown, in order to warrant a recovery by a minor plaintiff for any diminution of his earning capacity caused by the injury between the date of the injury and his majority. In the petition the injured minor claimed compensation for his diminished earning capacity during his minority, and the defendant made no objection to this claim. Nor does it appear that any request was made of the court to charge on this subject. In the absence of any issue made by the pleadings, or of any request to charge on the subject, we have to determine whether or not the evidence in the case was of such character as to have required a charge on this subject. It has been held by the Supreme Court that a minor must show, in order to justify a recovery in the interim between the time of his injury and his majority, that his earnings, if he had not been incapacitated, would have belonged to himself and not to his father. *Atlanta & West Point R.*

*Co.* v. *Smith,* 94 *Ga.* 107 (20 S. E. 763). As illustrating this question, the record shows that the plaintiff testified that his father lived in South Carolina, and that the money he made for his work in Georgia he used for his living expenses. The allegations of the suit itself would seem to be an admission on the part of the father in this particular case that the son was entitled to his earnings during his minority; for he brings the suit to recover these earnings for the use and benefit of this son. This admission of the father, followed by the undisputed evidence of the son that his father had permitted him to leave his home in South Carolina and come to Georgia and work for himself and use his earnings for his living expenses, would be sufficient, prima facie at least, to show that the father had surrendered any right he had to the earnings of his son during this period. While the consent of the father that the minor child may apply his earnings to his living expenses may not be sufficient to show complete manumission, yet we think it would be sufficient to show such manumission as to those earnings as would entitle the child to recover on this account. *Royal* v. *Grant,* supra. "That a father may emancipate a minor child by allowing him to receive the proceeds of his labor is settled by our code and by decisions of this court. Allowing the child to receive the proceeds of his own labor amounts to an emancipation." *Hargrove* v. *Turner,* 112 *Ga.* 135 (37 S. E. 89, 81 Am. St. R. 24) ; *Wilson* v. *McMillan,* 62 *Ga.* 17 (35 Am. R. 115) ; Civil Code of 1895, § 2502. We seriously doubt if, under the facts proved in this case, the father could have sued in his own behalf to recover the value of his son's services up to his majority. *Harris* v. *Johnson,* 98 *Ga.* 437 (25 S. E. 525). We therefore conclude that in the absence of any issue made by the pleadings on this subject, or of any request to charge, in view of the evidence to which we have referred, the court did not err in failing to charge to the effect that the plaintiff must show his manumission, in order to recover for a diminution in his earning capacity between the date of his injury and his majority.

There are numerous other grounds in the amended motion for a new trial. We have considered all of them carefully, and our conclusion is that the judge fully, fairly, and correctly instructed the jury on the law applicable to the issues made by the pleadings and evidence, and we find no material or prejudicial error. There

is some evidence to support the verdict, and no reason appears for the grant of another trial.                    *Judgment affirmed.*