### CITY OF ELBERTON *v.* THORNTON, guardian.

Civil Code § 4424, relative to the right of a widow and minor children to damages for the homicide of the husband of the widow, father of the children, should be construed in connection with the provisions of Civil Code § 4425, on the same subject. Under application of this law, surviving children have a cause of action for the negligent homicide of their father, after the death of the widow who after the homicide died without instituting suit for the damages.

> OCTOBER 15, 1912.

The Court of Appeals certified to the Supreme Court the following question for decision:

"The suit was brought for minor children by their duly appointed guardian, to recover damages for the alleged negligent homicide of their father. The allegations of the petition show that the deceased was survived by his widow also, who died without having brought suit for the homicide. Under these facts have the children a right of action under Civil Code (1910), § 4424, which provides that 'A widow, or, if no widow, a child or children, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter to the surviving child or children,' etc.?"

*Z. B. Rogers* and *Anderson, Felder, Rountree & Wilson,* for plaintiff in error.

*Worley & Nall* and *R. R. Arnold,* contra.

ATKINSON, J.  If the damages which the widow might have recovered would have been for the use of the widow to the exclusion of the children, under the doctrine of *King* v. *Southern R. Co.,* 126 *Ga.* 798 (55 S. E. 965, 8 L. R. A. (N. S.) 544), and *Frazier* v. *Georgia R. &c. Co,* 96 *Ga.* 785 (22 S. E. 936), clearly the right of action would have abated upon the death of the widow.  In other words, the person entitled to damages having died, the cause of action would at common law have abated, and the provisions of Civil Code § 4421, "No action for a tort shall abate by the death of either party, where the wrong-doer received any benefit from the tort complained of; nor shall any action for the recovery of damages for homicide, injury to person, or injury to property abate by the death of either party; but such cause of action, in case of the death of the plaintiff, shall, in the event there is no right of survivorship in any other person, survive to the personal representative of the deceased plaintiff, and, in case of the death of the defendant, shall survive against said defendant's personal representative," which have been held to apply only where there was a pending action (*Smith* v. *Jones,* 138 *Ga.* 716 (76 S. E. 40), would not prevent abatement of the cause of action where the person entitled to damages died before institution of suit.  But the provisions of the code quoted in the question propounded by the Court of Appeals are to be construed in connection with that portion of Civil Code § 4425, as follows: "The plaintiff, whether widow, or child, or children, may recover the full value of the life of the deceased, as shown by the evidence.  In the event of a recovery by the widow, *she shall hold the amount recovered subject to the law of descents, as if it were personal property descending to the widow and children from the deceased;* and no recovery had under the provisions of this section shall be subject to any debt or liability of any character of the deceased husband or parent."  Construing the two together, whether there be a widow or not, there is a statutory liability to children for the negligent homicide of their father.  Relatively to them, under the doctrine of the cases cited above, the death of the widow would not produce abatement of the cause of action.  The right to sue would primarily be in the widow, if there be one,

but the recovery under the plain language of the statute, would be for the children as well as herself for distribution according to the "law of descents, as if it were personal property descending to the widow and children from the deceased."

The question propounded is answered in the affirmative.

*All the Justices concur.*