### 3645. CITY OF ELBERTON v. THORNTON, guardian.

The Supreme Court having held, in answer to a question certified to it, that under the provisions of section 4424 of the Civil Code (construed in connection with section 4425), surviving children have a cause of action for the negligent homicide of their father, notwithstanding the fact that their mother survived the father and died without instituting an action for damages based upon the homicide, the trial judge properly overruled the general demurrer.
DECIDED NOVEMBER 27, 1912.

Action for damages; from city court of Elberton—Judge Grogan. July 19, 1911.

*Z. B. Rogers, Anderson, Felder, Rountree & Wilson,* for plaintiff in error.

*Worley & Nall, R. R. Arnold,* contra.

51

RUSSELL, J.   B. I. Thornton, as guardian for Lizzie Kate Anderson, Mall Anderson, Mary Anderson, Margaret Anderson, Edna Anderson, and Ep T. Anderson Jr., brought an action against the City of Elberton for damages on account of the negligent homicide of their father, Ep T. Anderson Sr., who was an employee of the City of Elberton, it being alleged that his death was due to the fact that the defendant negligently failed to furnish him a safe place to work, furnished him with dangerous and unsuitable machinery, and failed to instruct him or to warn him of the dangers, of which his employers were fully apprised.   The defendant demurred generally and specially.   The general demurrer was upon two grounds: (1) because the petition does not state facts sufficient to constitute a cause of action; and (2) because it appears, from the averments in the petition, that the right of action, if any, vested in the widow of Ep T. Anderson Sr., and that, as she died without having instituted an action, the right of action did not survive to the plaintiffs. It is stated in the petition that the petitioners, who sue through their guardian, constitute all the children of Ep T. Anderson Sr., and that at the time of his death he left surviving him, as his heirs at law, not only these minors, but a wife, who was their mother, and who died prior to the bringing of the action.   As it thus plainly appeared that the widow, though in life when the cause of action accrued, had died without filing suit, it is clear that the question presented by the second ground of the demurrer really controls the issue as to whether any liability attaches to the defendant; for if these plaintiffs can not recover, no recovery can be had.   This court deemed it proper to refer this question to the Supreme Court, in view of the peculiar phraseology of section 4424 of the Civil Code (1910), to the effect that "a widow, or, if no widow, a child or children, may recover for the homicide of the husband or parent."   The Supreme Court, in answer to the question certified to it, held that "Civil Code § 4424, relative to the right of a widow and minor children to damages for the homicide of the husband of the widow, father of the children, should be construed in connection with the provisions of Civil Code § 4425, on the same subject.   Under application of this law, surviving children have a cause of action for the negligent homicide of their father, after the death of the widow, who after the homicide died without instituting suit for the damages." 138 *Ga.* 776 (76 S. E.

62). It follows that the judge of the city court of Elberton ruled correctly, in overruling the ground that the present plaintiffs had no right to maintain the action.

The special grounds of the demurrer were overruled, as well as the general ground that the petition set forth no cause of action. While the correctness of the ruling upon the first general ground is challenged by the bill of exceptions, the argument, both oral and in the briefs, was confined to the ruling upon the ground which attacked the right of the plaintiffs to maintain the action; and, therefore, the objections to the sufficiency of the petition must be treated as having been abandoned. *Judgment affirmed.*