## In re GRANT.

(District Court, S. D. California, S. D. May 2, 1923.)

1. **Citizens ⬉13—Act as to repatriation inapplicable, where citizen took oath of allegiance to foreign country during war.**

Since Act March 2, 1907, § 2 (Comp. St. § 3959), provides that no American shall be allowed to expatriate himself while the country is at war, Act May 9, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352), as to repatriation of citizens who have lost citizenship by taking oath of allegiance to foreign allied country is inapplicable to citizens who took such oath subsequent to entry of the United States into the World War, as taking such oath after the United States declared war would not divest a citizen of a citizenship.

2. **Statutes ⬉219—Administrative construction held entitled to weight.**

In construing statutes relative to citizenship, the contemporaneous construction thereof by the Bureau of Naturalization, the department having the administration of such matters, is entitled to great respect and weight.

---

Naturalization. In the matter of the application of Vernard Allerton Grant to be repatriated. Application denied.

Frederick Jones, Naturalization Examiner, for applicant.

TRIPPET, District Judge. [1] It appears by an act defining the status for citizens of the United States to enter the military or naval service of certain countries during the World War, which was passed October 5, 1917 (40 Stat. 340), that such persons so entering the war had the right to resume and acquire the character and privileges of a citizen of the United States under the conditions therein expressed.

At the time of the passage of this act this country was engaged in the war with Germany, which was declared April 6, 1917. On May 9, 1918, Congress passed another act to amend the naturalization laws, and repealed certain sections of the prior naturalization laws. By subdivision 12 of this act it is provided:

"That any person who, while a citizen of the United States and during the existing war in Europe, entered the military or naval service of any country at war with a country with which the United States is now at war, who shall be deemed to have lost his citizenship by reason of any oath or obligation taken by him for the purpose of entering such service, may resume his citizenship by taking the oath of allegiance to the United States."

This act repealed the former act of October 5, 1917, leaving only in force the said twelfth subdivision of the Act of May 9, 1918, 40 Stat. 542 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352). By Act March 2, 1907, § 2 (Comp. St. § 3959), it is provided "that no American citizen shall be allowed to expatriate himself when this country is at war." The Bureau of Naturalization on September 24, 1920, issued a regulation construing the foregoing statutes. In that regulation it is provided:

"Section 2 of the Act of March 2, 1907, provides that any American citizen shall be deemed to have expatriated himself when he has taken an oath of allegiance to any foreign state. The last proviso of that section is as follows: 'And provided, also, that no American shall be allowed to expatriate himself when this country is at war.' In view of the foregoing, the oath of allegiance will not be required of American citizens who have subscribed to an oath of allegiance after April 5, 1917, for the purpose of entering the military or naval service of any country associated with the United States in the World War, since by this last proviso they are not allowed to expatriate themselves except during time of peace. An American citizen who took an oath or obligation prior to April 6, 1917, to enable him to serve in the military or naval forces of a country which was at war with a country with which the United States was at war, and thereby expatriated himself, may have his American citizenship restored by complying with the terms of subdivision twelfth."

See Naturalization Laws and Regulations, September 24, 1920, p. 40.

[2] The applicant entered the service of Great Britain January 2, 1918. At that time this country was at war with Germany, and under the provision of the law above quoted of March 2, 1907, he was not allowed to expatriate himself. These regulations, issued by the bureau having charge of this service, are entitled to great respect and weight with the court, when the court is seeking to interpret the statutes of the United States. And if there is any doubt about the construction to

be given a statute, the contemporaneous construction of the same given to it by the department of the government having the administration of such service should be followed, unless it is clearly contrary to the plain interpretation of the law. It seems to me that the interpretation given to it by the Bureau of Naturalization is the correct interpretation, and should be followed.

The application to be repatriated will be denied, on the ground that the applicant is already an American citizen. He was never expatriated.