<hr />

WEEDIN, Commissioner of Immigration, v. MON HIN.*

(Circuit Court of Appeals. Ninth Circuit. March 23, 1925.)

No. 4360.

1. Treaties ⬅8 — Treaties with China and statutes enacted thereunder confer no rights or privileges on American citizen of Chinese descent.

Treaties between United States and China and statutes enacted thereunder confer no rights or privileges on American citizen, whether he be of Chinese descent or otherwise.

2. Aliens ⬅32(12)—Circuit Court of Appeals not limited to consideration of grounds under which alien was excluded by local authorities.

In determining alien's right to enter United States, Circuit Court of Appeals is not con-

* Rehearing denied May 4, 1925.

fined to consideration of grounds on which he was excluded by local authorities, but may consider any legal ground for exclusion.

3. Aliens ⬅25 — Chinese minor held not entitled to admission because his stepfather was citizen and resident of United States.

Chinese minor left in China by his mother, who married citizen of United States of Chinese descent, was not entitled to admission to United States, notwithstanding stepfather had sent money for his support, since stepfather is not bound to support stepchild, unless he has received it into his household as his child.

4. Domicile ⬅5—Domicile of minor Chinese not changed by his mother's marriage to citizen and resident of United States.

Domicile of minor Chinese remaining in China was not changed by his mother's marriage to citizen and removal to and residence in United States, notwithstanding her domicile followed that of her husband, since she remained an alien.

5. Aliens ⬅25—Minor child of Chinese merchant domiciled in United States may enter United States only because of relationship to father.

Minor child of Chinese merchant domiciled in United States may enter United States only because of his relationship to his father.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus by Mon Hin against Luther Weedin, as Commissioner of Immigration at the Port of Seattle, Wash. From an order discharging petitioner from custody, the Commissioner of Immigration appeals. Reversed, and petitioner remanded to custody.

Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Portland, Or., for appellant.

James Kiefer, of Seattle, Wash., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The appellee, Chinese by birth and 18 years of age, married a Chinese woman in China, and, leaving his wife there, he applied for admission to the United States on the ground that his stepfather, Li Sing, who is of Chinese descent, is a citizen of the United States and a merchant resident therein. His application was denied by a board of special inquiry, for the reason that Li Sing was found to be a laborer, and not a merchant. On appeal to the Secretary of Labor the ruling was affirmed. On the hearing in the court below, on the return to a petition for habeas

corpus, it was held that the board of special inquiry had applied to the facts in the case an erroneous conclusion of law, and that on the established facts Li Sing was a merchant, and that the appellee as his stepson was entitled to entry. From the order discharging the appellee this appeal is taken.

[1, 2] In the view which we take of the law applicable to the case, it is immaterial whether or not Li Sing is a merchant. The provisions of the treaties between the United States and China and the statutes enacted in pursuance thereof confer no rights or privileges on an American citizen, whether he be of Chinese descent or otherwise. In disposing of the question of the appellee's right to enter the United States we are not confined to a consideration of the grounds on which he was excluded by the local authorities; we may properly advert to other ground on which as matter of law that conclusion would follow.

[3-5] On January 15, 1921, Li Sing, who is conceded to be a citizen of the United States, went to China and was there married to Wong Shee. In October of that year he and his wife returned to the United States. The appellee is the son of Wong Shee by a former husband. His relation to his stepfather, so far as his right to enter the United States is concerned, is materially different from that of a son, or an adopted son. He and two younger children of Wong Shee remained in China when the latter went with her husband to the United States. At and prior to the time when the appellee departed from his native village on his way to the United States, he was at work in a drug store. It is true that Li Sing testified that he had sent money to China for the support of his stepchildren, but that, if true, does not materially alter the situation. He was not bound to support a stepchild, unless he had received it into his household on the footing of a child. 20 R. C. L. 594; Englehardt v. Yung's Heirs, 76 Ala. 534; Livingston v. Hammond, 162 Mass. 375, 38 N. E. 968. The stepchildren's domicile was not changed by the mother's marriage, or her residence in the United States, notwithstanding that her domicile followed that of her husband. Lamar v. Micou, 112 U. S. 452, 5 S. Ct. 221, 28 L. Ed. 751. She remained an alien, although married to a citizen of the United States. In the case of a Chinese merchant domiciled in the United States, minor children "could only come in by virtue of their relationship to the father." United States v. Mrs. Gue Lim, 176 U. S. 459, 468, 20 S. Ct. 415, 419, 44 L. Ed. 544. But in the present case there is no relationship to Li Sing which permits the applicant to enter, nor can he enter by virtue of his relationship to his mother.

The judgment is reversed, and the appellee is remanded to custody.