## In re BISHOP.

District Court, W. D. Washington, N. D. December 31, 1927.

1. Aliens ⟨⟩60—"Naturalization" is act of adopting alien and clothing him with privileges of citizenship.

"Naturalization" is the act of adopting an alien and clothing him with the privileges of citizenship.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Naturalization.]

2. Aliens ⟨⟩60—Congress may effect naturalization by legislative act.

Congress has power to effect naturalization by legislative act.

3. Citizens ⟨⟩13—Political status of applicant for repatriation must be derived through mother, not stepfather; "parent." (8 USCA §§ 7, 8).

Political status of applicant for repatriation must be derived through mother, and not stepfather, since legal acceptance of term "parent," in Rev. St. § 2172 (8 USCA § 7), and Act March 2, 1907, § 5 (8 USCA § 8), relating to citizenship of children of naturalized parents, does not include stepfather.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Parent.]

4. Citizens ⟨⟩7, 9—Mother, qualified for citizenship, having married citizen, became naturalized citizen, and conferred citizenship on her son (Comp. St. § 3948; 8 USCA §§ 7, 8).

Under Rev. St. § 1994 (Comp. St. § 3948), relating to citizenship of woman by marriage, and section 2172 (8 USCA § 7), and Act March 2, 1907, § 5 (8 USCA § 8) relating to citizenship of children of naturalized parents, mother, being qualified for citizenship, having married citizen, became naturalized citizen, and thereby conferred citizenship on her son, who entered United States day following her marriage, and permanently resided here until he enlisted in Canadian Expeditionary Forces.

5. Citizens ⟨⟩13—One becoming citizen by mother's naturalization by marriage could not expatriate himself by joining Canadian Expeditionary Forces after United States declared war (8 USCA § 16).

One who became citizen on entering United States and establishing permanent residence, after naturalization by marriage of his mother, could not expatriate himself by joining Canadian Expeditionary Forces in May, 1917, after United States had declared war with Germany on April 6, 1917, under Act March 2, 1907, § 2 (8 USCA § 16), providing that no American citizen shall be allowed to expatriate himself when this country is at war.

Naturalization. Application by Edwin Bishop for repatriation. Application denied.

Applicant was born in England, February 27, 1895, three months after the death of his father. His mother entered the United States June 28, 1914, and on July 2, following, married a native-born citizen. Applicant entered the United States July 3, 1914, and permanently resided therein until April, 1917, when he went to Canada to enlist in the Canadian Expeditionary Forces, and on May 24th enlisted therein, was discharged July 7, 1919, by reason of demobilization, and returned to the United States at Seattle about July 10th following, and has since resided there. At all times since his first entry into the United States he claimed to be a citizen of the United States.

John Speed Smith, District Director of Naturalization, of Seattle, Wash., for the United States.

NETERER, District Judge. [1, 2] Naturalization is the act of adopting an alien and clothing him with the privileges of citizenship. Osborn Bank, 22 U. S. (9 Wheat.) 738–801, 6 L. Ed. 204. Congress has the power to effect naturalization by legislative act. Boyd v. Nebraska ex rel. Thayer, 143 U. S. 135, 12 S. Ct. 375, 36 L. Ed. 103; Elk v. Wilkins, 112 U. S. 94, 5 S. Ct. 41, 28 L. Ed. 643.

[3] The political status of the applicant must be derived through the mother, and not

the stepfather. Weedin v. Mon Hin (C. C. A. 9th Circuit) 4 F.(2d) 533. The legal acceptance of the term "parent" does not include "stepfather." Marshall v. Macon Sash, Door & Lumber Co., 103 Ga. 725, 30 S. E. 571, 41 L. R. A. 211, 68 Am. St. Rep. 140.

Section 1994, R. S. (Act Feb. 10, 1855, amending Act April 14, 1802; Comp. St. § 3948), provides: "Any woman who is now or may hereafter be married to a citizen of the United States, and who might herself be lawfully naturalized, shall 'be deemed a citizen."

Section 2172, R. S. (Act April 14, 1802; 8 USCA § 7), provides that "children of persons who have been duly naturalized under any law of the United States * * * under the age of twenty-one years at the time of the naturalization of their parents, shall, * * * be considered as citizens thereof. * * *"

Act March 2, 1907, § 5 (8 USCA § 8), provides that "a child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of or resumption of American citizenship by the parent: Provided, that such naturalization or resumption takes place during the minority of such child: And provided further, that the citizenship of such minor child shall begin at the time such minor child begins to reside permanently in the United States." This expression qualifies parents to confer citizenship upon minor children by the act of naturalization.

[4] The mother, being qualified for citizenship and having married a citizen, became a naturalized citizen under the provisions of law, and thereby conferred citizenship upon her son. See Kelly v. Owen, 7 Wall. (74 U. S.) 496, 19 L. Ed. 283; also the decision of Justice Harlan in U. S. v. Kellar (C. C.) 13 F. 82; In re Graf (D. C.) 277 F. 969.

[5] The expression, "resumption of American citizenship by the parent," has no application to the mother, as she never removed from the United States, and resumption was not necessary. The applicant, on entering the United States and establishing a permanent residence after the naturalization by marriage of his mother, became a citizen, and, being a citizen, could not expatriate himself by joining the Canadian Expeditionary Forces in May, 1917, because war was declared with Germany by the United States on April 6, 1917, and under the provisions of section 2, Act March 2, 1907 (8 USCA § 16), which provides that no American citizen shall be allowed to expatriate himself when this country is at war, applicant could

not expatriate himself. See, also, In re Grant (D. C.) 289 F. 814.

Applicant is therefore a citizen of the United States, and the application to repatriate is denied.