## BLOODWORTH *et al. v.* JONES *et al.*

No. 13285. NOVEMBER 16, 1940.

*McCullar & McCullar,* for plaintiffs.

*Hines & Carpenter,* for defendants.

REID, Chief Justice. The Court of Appeals requested instruction from this Court upon the following question: "Where the death of the father of four minor children was caused by the alleged negligence of another, and after his death his surviving widow, the mother of said children, gave them to their grandmother, who has had the custody, control, and support of the children since that time, acting in loco parentis, and the widow and mother of the children has relinquished her control of said children, has waived

all of her rights, and renounced all of her rights to compensation for the death of the deceased in favor of said children, and has elected to permit the grandmother to take control of said children and to proceed to recover the amount alleged to be due said children for their use, and where the mother has failed and refused to proceed for herself in bringing suit against the alleged tortfeasor, can the grandmother on behalf of the children maintain a suit against the alleged tortfeasor to recover for the homicide of the said father?" This question requires consideration of the Georgia statutes relating to recovery for wrongful death. At common law there was no right of action to recover damages on account of a homicide. The rule was changed in England in 1846, by Lord Campbell's act, and in this State by the act of 1850, which for the first time permitted such recovery. As variously amended from time to time, the Georgia statutes relating to actions for wrongful death were carried forward into the Code of 1910 as §§ 4424, 4425. They were amended in 1924 by the enactment of what is now § 105-1309, which provides for suits by the personal representatives of decedents in cases where there is no person entitled to sue under the specific provisions of the statute. This section is not material to the present inquiry. The question submitted relates to §§ 105-1302, 105-1304, providing: "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent the full value of the life of the decedent, as shown by the evidence;" and "In the event of a recovery by the widow, she shall hold the amount recovered subject to the law of descents, as if it were personal property descending to the widow and children from the deceased." These sections should undoubtedly be considered and construed together. *City of Elberton* v. *Thornton*, 138 *Ga.* 776 (76 S. E. 62, Ann. Cas. 1913E, 994). So construing them, in whom does the statute vest the right of action where the decedent leaves a surviving widow and children?

First, it is to be remembered that these sections give a right which did not exist at common law, and should therefore receive a strict construction. See *Mott* v. *Central Railroad*, 70 *Ga.* 680 (48 Am. R. 595); *Smith* v. *Hatcher*, 102 *Ga.* 158 (29 S. E. 162); *Marshall* v. *Macon Sash, Door & Lumber Co.*, 103 *Ga.* 725 (30 S. E. 571, 41 L. R. A. 211, 68 Am. St. R. 140); *Robinson* v. *Georgia Railroad & Banking Co.*, 117 *Ga.* 168 (43 S. E. 452, 60 L. R. A. 555, 97

Am. St. R. 156); *Thompson* v. *Watson,* 186 *Ga.* 396 (197 S. E. 774, 117 A. L. R. 484). The rearrangement of sections 4424 and 4425 of the Code of 1910 as they are now embodied in chapter 105-13 of the Code of 1933 worked no change in the law. Section 105-1302 expressly provides that a widow may recover for the homicide of her husband; and that *if there is no widow* a child or children, minor or sui juris, may recover for the homicide of the husband or father. This section gives a right of action to the children only in the event there is no widow. If there be a widow, the right to sue is vested in her and not in the children, or jointly in her and the children. Section 105-1304 appears to be nothing more than a provision stating the purposes for which the widow shall hold the amount she recovers; that is, that she shall hold the recovery subject to the law of descents, "as if it were personal property descending to the widow and children from the deceased." In our opinion the latter section can not be construed, standing alone or in connection with § 105-1302, to vest in the children, jointly with the widow or separately, the right to sue for the recovery of damages for the death of their father so long as the widow survives. Under the Federal employers liability act, in case of the death of an employee coming within the terms of the act, the right of action arises in favor of his personal representative for the benefit of those named in the act. In American R. Co. *v.* Birch, 224 U. S. 547 (32 Sup. Ct. 603, 56 L. ed. 879), the widow and only son of Birch sued under the act, for his death. They were the only beneficiaries of any recovery. Their right to maintain the action was questioned. The Supreme Court of the United States held that under the express language of the statute the suit could be maintained only by a personal representative of the deceased, saying: "It is true that the recovery of the damages is not for the benefit of the estate of the deceased, but for the benefit of the surviving widow or husband and children. But this distinction between the parties to sue and the parties to be benefited by the suit makes clear the purpose of Congress. To this purpose we must yield." Under our statutes, if there is a surviving widow the right of action is vested in her, and she alone may bring the suit; and this is not altered by the provision that the children shall share in the recovery.

It can hardly be doubted that after recovery the widow may

waive, in favor of the children, her right to share in the benefits resulting from the recovery; but she can not, by waiver or assignment of any sort, alter the terms of the statute. Whatever may be the rule, in a case where the widow dies before the suit is brought, as to the right of the children to sue (*City of Elberton* v. *Thornton,* supra), the statute vests the right to sue in the first instance in the widow, and so long as she lives neither the children nor any one for them can institute such action. The statute makes no provision for a case where the widow declines to sue, and gives her no right to transfer or assign the right to sue to another. We would not be authorized to read such provisions into the statute. See *Watson* v. *Thompson,* 185 *Ga.* 402 (195 S. E. 190). The question propounded must be

<blockquote>*Answered in the negative. All the Justices concur.*</blockquote>