27907. BLOODWORTH *et al. v.* JONES *et al.*

DECIDED NOVEMBER 29, 1940.

*McCullar & McCullar,* for plaintiffs.

*Hines & Carpenter,* for defendants.

SUTTON, J.  Bonnie Bloodworth, Kathleen Bloodworth, Lucile Bloodworth, and Betty Bloodworth, minor children of Walter Lee Bloodworth, deceased, brought suit, by Mrs. Nannie Bloodworth, their grandmother, as next friend, against Aubrey Jones and other named defendants to recover damages because of the homicide of the plaintiffs' father on account of the alleged negligence of the defendants in the maintenance of a well into which the deceased Bloodworth fell, and which he had been employed by the defendants to clean out.  It was alleged that the plaintiffs are in the control and custody of the grandmother, and that she stands in the position of loco parentis to them, is entitled to the control and custody of said children, and has been exercising all the duties of a parent towards them since the death of the father; that the mother and widow gave said children to the grandmother shortly after the death of the father, and that the grandmother is charged with their control, support, and management, and stays with them daily and looks after them and solely performs all the duties of a parent towards them, and that the mother has relinquished her control of said children, waived and renounced, in favor of said children, all of her rights to compensation for the death of the husband, and has elected to permit the said grandmother to take control of the children and to proceed to recover for their use the amount due the children; that the mother has failed and refused to proceed, and that the grandmother is entitled to appear as next friend and to proceed to collect any amounts due the children.  The petition failed to allege

that the mother was not in life. The trial court sustained a special demurrer of the defendants on the ground that the petition did not allege whether or not the widow of the deceased was in life, and that under the allegations of the petition the cause of action sued on was in the widow and not in the children, and sustained the defendants' general demurrer on the ground that the petition showed that the right of action was in the widow of the deceased and not in the plaintiffs, the minor children of the deceased. The plaintiffs excepted and by writ of error brought the case to this court.

This court certified to the Supreme Court the question whether, under the substantial facts alleged, the grandmother could maintain, on behalf of the children of the deceased, a suit against the alleged tort-feasors to recover for the homicide of their father, and in *Bloodworth* v. *Jones,* supra, the Supreme Court ruled: "Where the death of a husband and father is caused by alleged negligence of another person, the right of action to recover for the homicide is in the surviving widow. One standing in loco parentis to the surviving children, to whom the widow has relinquished parental control, may not, as prochein ami or otherwise, sue for their benefit to recover for the homicide of their father, even though the widow may waive and renounce her right in favor of the children, may elect to permit the person to whom she has relinquished parental control to proceed for their benefit, and may herself fail and refuse to bring the action."

*Judgment affirmed. Stephens P. J., and Felton, J., concur.*