37845. KEENAN WELDING SUPPLIES COMPANY *v.* BRONNER, Administrator.

401

DECIDED OCTOBER 14, 1959.

*Watson & Keenan, Paul A. Keenan, Jr.,* for plaintiff in error.
*Farkas, Landau & Davis, Leonard Farkas,* contra.

NICHOLS, Judge. ■ The act of 1952 (Ga. L. 1952, p. 224; Code, Ann., § 3-505), provides that no cause of action for negligent homicide shall abate because of the death of either party, and that in the event there is no right of survivorship in any other person, the cause of action shall be in the personal representative of the deceased plaintiff. Prior to the enactment of the

above statute where a husband and father was killed and his widow died before instituting an action the cause of action survived to the children of the deceased father. See *City of Elberton* v. *Thornton,* 138 *Ga.* 776 (76 S. E. 62, Ann. Cas. 1913 E 994) ; s. c., 11 *Ga. App.* 801 (76 S. E. 366). Therefore the amendment to Code (Ann.) § 3-505, did not have any effect on the present case where the cause of action survived the death of the wife and became vested in the children on her death. The contention of the plaintiff that the act of 1952 nullified the holding in *City of Elberton* v. *Thornton,* supra, is without merit because the act of 1952 only refers to those cases where *there is no right of survivorship* and in a case like the one sub judice there *is a right of survivorship.* "Surviving children have a cause of action for the negligent homicide of their father, after the death of the widow who after the homicide died without instituting suit for the damages." *City of Elberton* v. *Thornton,* 138 *Ga.* 776, supra. Therefore, the cause of action survived to the children and not to the administrator of the widow's estate.

The next question presented is, who is the real plaintiff in the present action? The amended petition alleges in the opening paragraph, prior to the first numbered paragraph: "The petition of J. C. Bronner, administrator of the estate of Annie Lois Minter, for the use of the children of the said Johnnie Minter and Annie Lois Minter, to wit: [naming them] . . . bring this suit against Keenan Welding Supplies Company, hereinafter referred to as the defendant, and allege:"

Under numerous decisions of this court and the Supreme Court the words; "Administrator of the estate of Annie Lois Minter," were descriptio personae. See *Kennedy* v. *Gelders,* 7 *Ga. App.* 241 (66 S. E. 620) ; *Latham Plumbing &c. Co.* v. *Ledbetter Trucks, Inc.,* 96 *Ga. App.* 219 (99 S. E. 2d 545), and citations. The petition, therefore, was brought by J. C. Bronner for the use of the minor children. The oldest child was 18 years of age and the youngest 1 year old and being minors they could not bring an action themselves, and if they had filed an action in their own names the court would have appointed a next friend upon this fact being made known. See *Bartlett* v. *Batts,* 14 *Ga.* 539; Code § 3-115. "An action by a father 'suing for the use'

of his minor son is in substance a suit by the son. Especially is this true where the allegations of the petition taken as a whole, clearly show that the cause of action arises solely from injuries received by the son, and that the father seeks to recover damages exclusively for the son on account of such injuries. While the more regular form is for the minor to sue by next friend, it is the substance of the suit, and not its technical form, that must determine its true character." *Vale Royal Mfg. Co. v. Bradley,* 8 *Ga. App.* 483 (1) (70 S. E. 36). Therefore, under a proper construction of the petition as finally amended, the petition was brought for the minors by next friend, J. C. Bronner, and since the cause of action was, as shown above, in the children, the demurrer of the defendant that the plaintiff was not the proper plaintiff is without merit, and the court properly overruled it.

■ The petition alleged that Johnnie Minter was riding on a four-wheel farm trailer which was being pulled by one truck owned by his employer and was being followed by another truck of his employer, and was traveling south on Georgia Highway 55 at about 11:30 p.m. when a truck being driven by Henry Lewis Brown, an employee of the defendant, was traveling in the same direction following the trucks and trailer owned by Johnnie Minter's employer, that all the vehicles were on the right side of the road, that the defendant's employee was acting for the defendant in the scope of his employment, and that the defendant's truck struck the truck following the trailer on which Johnnie Minter was riding and knocked it off the road and proceeded on and struck the trailer on which Johnnie Minter was riding, causing the alleged injuries which resulted in his death. The age, earnings and life expectancy of Johnnie Minter were alleged as was the fact that his wife died after he was killed and before the action was filed. The petition further alleged: "The sole and proximate cause of the death of Johnnie Minter was the negligence of defendant, acting by and through its employee, Henry Lewis Brown, herein set out: (a) At the time of said accident and immediately preceding thereto, the said Henry Lewis Brown was driving said truck at a speed in excess 60 miles per hour. (b) In following the vehicle in which Johnnie Minter was riding more closely than was reasonable and

prudent, having due regard for the speed of such vehicle, and the traffic upon the highway, in violation of Code Section 68-1641. (c) In failing to keep a proper lookout. (d) In failing to control the speed of his vehicle so as to avoid colliding with the vehicle in which Johnnie Minter was riding, in violation of Code Section 68-1626. (e) In driving his vehicle at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Code Section 68-1628 (a). (f) In failing to drive his truck at such a speed and to maintain it at such distance from the trailer in which Johnnie Minter was riding that he could stop his truck without colliding with the trailer in which Johnnie Minter was riding. (g) That the said Henry Lewis Brown failed to apply his brakes in ample time to avoid the collision. (h) At said time and place of the collision the said Henry Lewis Brown was operating a truck with deficient brakes. (i) The said Henry Lewis Brown failed to have his truck under control so as to be able to stop same in time to avoid the collision."

"In an action founded upon negligence, mere general averments of negligence are sufficient as against a general demurrer; but when a special demurrer is filed raising the objection that the allegations are too general, the particulars of the negligence must be set forth." *Hudgins* v. *Coca Cola Bottling Co.,* 122 *Ga.* 695 (1) (50 S. E. 974).

While the defendant, in its brief, argues many reasons why the petition is subject to demurrer, and while many of such contentions would have supported proper special demurrers, in the absence of special demurrers, and none appear in the record, the petition is good as against general demurrer and the trial court did not err in overruling such general demurrer, since the petition alleges the facts as to how the fatal injury was sustained and the negligence of the defendant, through its employee, which caused such fatal injury, and did not show, as contended by the defendant, that Johnnie Minter failed to exercise ordinary care for his own safety so as to preclude recovery. See *Thomson Pipe Line Co.* v. *Davis,* 96 *Ga. App.* 372 (100 S. E. 2d 114).

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*