39529.   CRABB, by Next Friend v. STONE.

66

*King, Ballard, King & Thigpen, Charles C. King, Jr.,* for plaintiff in error.

*D. M. Pollock,* contra.

Eberhardt, Judge.    This is a suit for personal injuries sustained by a guest passenger.  The suit was brought against the owner of the host vehicle, who was also the father of the driver. The defendant filed both general and special demurrers to the petition.  Before any ruling, the plaintiff amended, and the amendment was allowed subject to demurrer.  General and special demurrers were filed to the amendment.  The trial judge sustained the general demurrer to the amendment and the general demurrer to the unamended petition.  Plaintiff excepts to both of these rulings.

■   The certification of the bill of exceptions was originally sent to this court dated by the trial judge but unsigned.  It was returned to him and he signed it, appending the notation that "I certify that the date was correct and I am now adding my name it being pure oversight that it was not then added—I considered it then and now as signed and perfected.  Carlisle Cobb, Judge, S. C. W. C."

There is no motion to dismiss, but it is the court's duty to inquire into its jurisdiction even in the absence of such a motion.  *Stephenson v. Futch,* 213 Ga. 247, 248 (1) (98 SE2d 374) and citations.  However, we feel that we have jurisdiction here under either of two theories.  First, *Code* § 6-1312 provides that "No bill of exceptions shall be dismissed upon the ground that the same was not certified by the judge in the time required by law for tendering and signing bills of exceptions; but if it shall appear from the bill of exceptions that the same was tendered to the judge within the time required by law, a mere failure on his part to sign the same within the time prescribed shall be no cause for dismissal, unless it should appear that the failure to sign and certify the same by the presiding judge within

the time prescribed by law was caused by some act of the plaintiff in error or his counsel." While this broad language has occasionally been restrictively interpreted with respect to what act or failure to act by plaintiff or his counsel will cause a dismissal, we find that a similar factual situation occurred in *Keaton v. Mulligan,* 43 Ga. 308 (3).[1] There a motion to dismiss was overruled and the trial judge was permitted to add his signature and an explanatory note. Secondly, the judge's signature and note may be viewed as a nunc pro tunc entry of the signature. This rationale is amply authorized by *Hunt v. Williams,* 104 Ga. App. 442, 452 (7) (122 SE2d 149) and the authorities discussed there.

■ The basis of the defendant's attack on the amendment was that it attempted to add a new and distinct party plaintiff to the action in contravention of the express terms of *Code* § 81-1303. A short recitation of the allegations of the petition is necessary to the understanding of this attack. The original petition began: "The petition of Rev. James O. Crabb respectfully shows unto the Court: 1. That he is the father of Tommy Crabb, and as his father brings this suit for and in his behalf." The proffered amendment struck these allegations, substituting: "The petition of Tommy Crabb, a minor, by his father, Rev. James O. Crabb, as next friend, shows unto the Court: 1. That plaintiff is a minor, of the age of 19 years, and this suit is brought on his behalf by his father, Rev. James O. Crabb, as his next friend." The amendment also struck the words "plaintiff's son" from a number of places in the petition and substituted "plaintiff" therefor. The amendment did not significantly change the prayers of the petition or the elements of damages for which recovery was sought. These elements were for "past, present and future pain and suffering," "permanent physical damages," and "future medical, dental and doctor bills, resulting from the said injuries."

While much has been written about the right to amend and

---

[1]The binding effect of this case is perhaps doubtful because the headnote was written by the reporter, and the factual report of the court's action may be considered in the same light.

a quite liberal view is taken of this right, (see *Spielberg v. McEntire*, 105 Ga. App. 545 (4), 125 SE2d 134), there are relatively few cases adjudicating what constitutes the addition of a new and distinct party plaintiff.

As we view it, however, *Vale Royal Mfg. Co. v. Bradley*, 8 Ga. App. 483, 488 (2) (70 SE 36) is controlling here. In that case the pleadings began, "The petition of Henry Bradley, who sues for the use of his son, Henry Bradley, Jr., shows . . ." and the court held (p. 489) that, although the petition was not drawn with technical accuracy, when "looking to the real substance of the suit, it is manifest that the suit is one brought by the minor thorugh his father as next friend," and further asserted that the petition "was amendable by adding that it was brought by Henry Bradley, Jr., by Henry Bradley, next friend." See *Sovereign Camp WOW v. Keen*, 16 Ga. App. 703 (1) (86 SE 88) ; *Spencer v. Peace*, 42 Ga. App. 516 (1) (156 SE 729) ; *Kite v. Brooks*, 51 Ga. App. 531, 535 (181 SE 107) ; *Justice v. Davis*, 62 Ga. App. 872, 875 (1) (10 SE2d 267). In addition, *Keenan Welding Supplies Co. v. Bronner*, 100 Ga. App. 400 (111 SE2d 140) supports the same proposition, where in headnote 1 (b) it is stated that: "A suit by a person *for the use of* minors is in reality a suit by such person as next friend, or for such minors by next friend." We see no substantial difference in the words "For the use of" used in *Royal* and *Bronner* and the allegation here that the suit was brought "for and in his [the minor's] behalf." Consequently, the general demurrer to the amendment was improperly sustained.

■ The amendment sufficiently remedied such defects in the original petition as would have authorized the sustaining of a general demurrer thereto. Therefore, the general demurrer to the original petition was also erroneously sustained.

*Judgment reversed. Carlisle, P. J., and Russell, J., concur.*