## CENTRAL OF GEORGIA RAILWAY COMPANY *v.* STILES.

1. In civil cases the burden of proof may be carried by means of a preponderance of the evidence, which is that superior weight of evidence upon the issues involved which is sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other. It is not required to be sufficient to wholly free the mind from a reasonable doubt. Accordingly, it is not proper in a civil case to instruct the jury that the party on whom rests the burden of proof must establish his contention to a reasonable and moral certainty.

2. Where suit was brought for the killing of a mare by a railroad train, and the defendant contended that its agents used all ordinary and reasonable care and diligence, it was somewhat too restricted to charge as follows: "If you believe, after considering all the circumstances and all the evidence in this case, that the mare voluntarily went upon the trestle, that is, that she went there of her own volition, and that after getting upon the trestle she became entangled, or that she fell upon the trestle, and that the injury and death of the mare was not brought about by the negligence of the railroad company, its officers and agents, and that its officers and agents exercised all ordinary and reasonable care and diligence to prevent the accident, then, under the law, gentlemen of the jury, the railroad company would not be liable, and it would be your duty to find a verdict in favor of the railroad company in this case."

   (a) Standing alone, if this charge be considered as stating the only ground for finding for the defendant, it might appear to require proof of voluntary action of the mare in going upon the trestle and becoming entangled or falling, and also of the exercise of all ordinary and reasonable care and diligence on the part of the agents of the company, while the latter fact would furnish a defense without requiring the company to prove the former.

   (b) Whether this inaccuracy would require a new trial, when considered in the light of the general charge, need not be determined.

3. The charge which in effect instructed the jury that they could consider all the facts and circumstances disclosed by the evidence, in determining the question of whether the defendant's agents were negligent, was not error.

4. If the charge on the subject of the right of the jury to add interest to the proved value of the mare, in case they found for the plaintiff, was subject to criticism, it would furnish no ground for reversal; because the presiding judge required counsel for the plaintiff to write off the interest found by the jury as a condition to the overruling of the motion for a new trial, and this was done.

NOVEMBER 20, 1912.

Action for damages. Before Judge J. B. Park. Baldwin superior court. January 8, 1912.

*Lawton & Cunningham* and *Allen & Pottle,* for plaintiff in error. *Livingston Kenan,* contra.

LUMPKIN, J. The plaintiff sued the defendant, seeking to recover damages for the killing of a mare alleged to be of the value of $250. The jury found for the plaintiff $316.63, which was the amount alleged to be the value of the mare, with interest added to the date of the trial. The allegation as to value was the only one which might be considered as an ad damnum clause in the petition. The defendant moved for a new trial. The court overruled the motion on condition that the plaintiff would write off the amount found in excess of $250, which was done. The defendant excepted.

1. The court charged several times to the effect that if the plaintiff showed that the mare was killed by the operation of the defendant's train, the law would presume that the defendant was negligent, and the burden of proof would then be shifted to the defendant to satisfy the minds of the jury "to a reasonable and moral certainty" that its officers and employees exercised all ordinary and reasonable care and diligence to prevent the injury. This has been held to be error. *Supreme Conclave Knights of Damon* v. *Wood,* 120 *Ga.* 328 (2), 329 (47 S. E. 940) ; *Brown Store Co.* v. *Chattahoochee Lumber Co.,* 121 *Ga.* 809 (4), 812 (49 S. E. 839).

2. The charge set out in the second headnote, if considered as an exhaustive statement of what would relieve the defendant from liability, was somewhat restricted. It coupled conjunctively freedom from negligence on the part of the employees of the railroad with volitional conduct on the part of the mare, as if both were necessary to a successful defense. This may not have been intended, and the charge might furnish no ground for a new trial if the general charge correctly showed what would suffice to free the defendant from liability. In the present case, however, the portions of the charge which might have effected that result were infected with the error stated in the first division above.

3. The third headnote needs no elaboration.

4. Under the ruling of the presiding judge, the plaintiff wrote off the interest which the jury added to the proved value of the mare. If the charge in regard to interest was subject to criticism, it would not require a new trial.

*Judgment reversed. All the Justices concur.*