### 12444. VARNER v. THE STATE.

LUKE, J. 1. An explicit and comprehensive charge on the subject of reasonable doubt, wherein the jury are instructed in effect that the defendant enters into the trial of his case with the presumption of innocence in his favor, which continues with him throughout the case until the evidence produced by the State shows his guilt beyond a reasonable doubt, sufficiently informs the jury that the burden is on the State to prove the defendant guilty. See, in this connection, *Thomas* v. *State*, 129 *Ga.* 419 (4) (59 S. E. 246).

2. The phrases "to a moral and reasonable certainty" and "beyond a reasonable doubt," as applied to the quality of proof in a case, being identical in meaning (*Austin* v. *State*, 6 *Ga. App.* 211, 64 S. E. 670), it was not error for the court to charge the jury that "it is necessary that the State do more than raise a mere possibility of guilt, it must produce evidence that has the convincing power to satisfy the jury to a reasonable and moral certainty, which is the same thing as to say to satisfy the jury beyond a reasonable doubt."

3. The grounds of the amendment to the motion for a new trial, complaining that the court erred in charging the jury upon the subject of "good

character," and with reference to "a weapon likely to produce death," are not subject to any of the criticisms urged by the plaintiff in error.

4. There was no error in charging the jury as follows: "If you find the defendant guilty of assault with intent to murder, and you fix his sentence as it would be your duty to do, that is, a penitentiary sentence in case you find him guilty, you may nevertheless add to your verdict a recommendation to the mercy of the court; and should that be your verdict, and should your recommendation be approved by the court, then the defendant would be sentenced as for a misdemeanor. I have or will give you what a misdemeanor sentence is."

5. The special ground of the motion for a new trial complaining that the court erred in sentencing the defendant to the penitentiary, because the verdict of the jury recommended him to the mercy of the court, is not cause for a new trial. Such recommendations are entirely subject to the approval of the court. *Echols* v. *State*, 109 *Ga.* 510 (34 S. E. 1038); *Daniel* v. *State*, 118 *Ga.* 16 (43 S. E. 861); *Mack* v. *State*, 118 *Ga.* 755 (45 S. E. 603). See also *Elzie* v. *State*, 21 *Ga. App.* 502 (2) (94 S. E. 627), and cases cited.

6. There was ample evidence to warrant the verdict, and the court did not err in overruling the motion for a new trial.

> *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
> DECIDED JULY 12, 1921.

Indictment for assault with intent to murder; from Bibb superior court — Judge Mathews. March 28, 1921.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.
*Charles H. Garrett,* solicitor-general, contra.