## 28240. JUSTICE v. DAVIS.

DECIDED JULY 16, 1940.

*J. B. Edwards, Olin T. Flournoy,* for plaintiff in error.
*J. A. Wright, Henry A. Stewart,* contra.

MacIntyre, J. Louise Davis, by C. J. Davis, as next friend, brought suit against Mrs. Jimmie Justice, owner and operator of the 400 Barber & Beauty Shop in Cedartown, Georgia. After alleging jurisdiction, etc., of the defendant, the plaintiff in her petition as amended alleged that she was a minor and a resident of Cedartown. She further alleged: "On the 24th day of Au-

gust, 1938, the defendant herein was the owner and operator of the 400 Barber & Beauty Shop in Cedartown, Georgia, and is still the owner and operator of the said 400 Barber & Beauty Shop. That on the 24th day of August, 1938, Louise Davis, the young daughter of your petitioner, went to the beauty shop owned and operated by this defendant, and called for a permanent wave of her hair; that in the process of securing said permanent wave of her hair, said Louise Davis's hair was burned from her head in the region of her left temple, and her head was severely burned on her left temple. The operator of the said beauty-wave machine at the time the petitioner was being given a wave, and at the time of the injuries above alleged, the said machine was operated by and the wave given by the defendant herein. 6. On the 24th day of August, 1938, the defendant received your petitioner at her beauty shop as a pay customer, and she agreed for a valuable consideration to furnish and to give petitioner a permanent wave of her hair, which service was to be performed by this defendant in a beauty-wave machine provided by said defendant. The defendant provided for said wave giving a certain electric permanent-wave machine together with electric heaters, which were necessary to be used in the giving of said permanent wave. That in the giving of the said permanent wave this defendant connected several of these electric heaters with the permanent-wave machine, and attached them to the hair of this petitioner, one being attached in the region of her left temple where her hair was burned from her head. It was the duty of the defendant to place these heaters correctly on the head, see that the voltage was not too great, and to constantly remain at the side of the customer in case there should be too much heat from these heaters, it being the custom of this type of business. The plaintiff says that the defendant, who gave her the purported permanent wave of her hair, on the giving of said wave was careless and negligent, and carelessly and negligently failed to properly attach the said heaters to the hair of petitioner, in that she placed it next to the skin of her hair, which is never done in giving of a permanent wave to the hair; because she failed to stand by and watch the heaters to determine whether they were burning this petitioner; because she negligently and carelessly allowed these electric heaters to burn the hair and head of the petitioner; because she negligently and carelessly went away

and left your petitioner while the wave was being given, and when the heaters began to burn petitioner called defendant, but for several minutes she was unable to get defendant to come to her assistance; all as by ordinary care and diligence she should have done in the proper exercise of giving of a permanent wave of the hair on any person's head with an electric-wave machine; and as a result of the negligence and carelessness of this defendant your petitioner's hair was burned from her head in the region of her left temple and that said scar on her head has caused her a great deal of pain and suffering, and that the scar is permanent and will remain on her head as long as she lives. . . That said burns caused Louise Davis, petitioner's child, great pain and suffering; that she was unable to attend to her duties for several weeks from the time of said injuries, all as a result of the afore-mentioned burns caused by the negligence of this defendant herein. . . That on account of said burns petitioner's child, the said Louise Davis, will be permanently injured for life; that due to said burns she will be subjected to the humiliation of having scars shown upon her head, whereas before she had beautiful hair. Wherefore petitioner prays: (1) That she, by C. J. Davis, next friend, have judgment against the defendant herein, Mrs. Jimmie Justice, in the sum of one thousand ($1000) dollars for pain, suffering and disfigurement of her person. (2) That process issue directed to the defendant, Mrs. Jimmie Justice, requiring her to be and appear at the next term of this court to answer the complaint of your petitioner."

The defendant filed special and general demurrers to the petition and to the petition as amended. The judge overruled the demurrers to the petition, except as to paragraph 6, which, as it appears in the original petition, alleged "That said burns were due to the carelessness and negligence of the operator of said permanent-wave machine, or due to a defective machine; that said burns were of a serious nature and caused the child of petitioner a great deal of suffering and severe pain; that due to the carelessness and negligence of the operator of said beauty shop said burns became infected, and necessitated your petitioner employing a physician to wait upon and treat his child for these said burns; that the physician charged for said services the sum of $17, the child having to make seventeen trips to the physician's office for treatment for

these said burns on her head." (This paragraph 6 of the original petition was of course so amended as to read as indicated in the preceding paragraph of this opinion.) The judge overruled the demurrers to the petition as amended, and the defendant excepted pendente lite. The defendant filed her answers. On the trial the jury returned a verdict in favor of the plaintiff for $250 principal, and $26.50 costs. The defendant's motion for new trial was overruled, and she excepted.

■ Without setting forth the petition as originally drawn, we think it sufficient to state that the original petition and the petition as amended shows the jurisdiction of the court, that the defendant was under a duty to the plaintiff, that there was a breach of the duty, and that damage resulted from such breach. Therefore the contention that the petition failed to set forth a cause of action, and that there was nothing to amend by, is without merit. *North Augusta Electric Co.* v. *Martin,* 118 *Ga.* 622 (45 S. E. 455) ; *McNorrill* v. *Daniel,* 121 *Ga.* 78 (48 S. E. 680). It appears that the original petition contained the following caption: "The petition of C. J. Davis, who brings this action as next friend of Louise Davis, shows to the court the following case :" This caption was amended to read: "The petition of Louise Davis, by C. J. Davis, next friend." The plaintiff in error contends in her brief that by amendment the plaintiff changed the original suit from one by the father for expenses incurred and for loss of his daughter's services "to a suit by Louise Davis, herself, acting through her next friend, for pain, suffering, and disfigurement. Therefore we insist that the amendment, even had the original petition set forth a cause of action that could be amplified by amendment, altogether changed the cause of action, if any existed." The court properly allowed the amendment. The true test for requiring exactness in pleading is to protect the defendant from a subsequent suit as to the same subject-matter. The petition here meets the test, and in the light of the pleading the verdict and judgment are an absolute protection to the defendant against any subsequent suit involving the injuries complained of here. This contention is without merit. *Vale Royal Mfg. Co.* v. *Bradley,* 8 *Ga. App.* 483, 489 (70 S. E. 36). The demurrers were properly overruled.

■ Ground 7 of the motion for new trial complains that the judge erred in charging the jury as follows: "By a preponder-

ance of the evidence the law means simply that superior weight of the evidence, while not enough to satisfy your minds beyond a reasonable doubt, is yet sufficient to convince your minds to a moral and reasonable certainty of one side, rather than the other, of the issues." The defendant contends that the excerpt complained of misled the jury to believing that she would have to prove her defense "to a moral and reasonable certainty," and that the use of these words was highly prejudicial. Immediately preceding the excerpt quoted above, the judge charged the jury: "You will be governed and decide the issues in this case by a preponderance of the evidence in favor of whichever party that preponderance lies with." Then he defined preponderance of the evidence as above stated. The Code, § 38-106, declares: "By preponderance of evidence is meant that superior weight of evidence upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue, rather than to the other." It appears that the judge in effect charged the first part of § 38-106, and then toward the last substituted the words "to convince your minds to a moral and reasonable certainty of one side, rather than the other, of the issues," for the words "to incline a reasonable and impartial mind to one side of the issue, rather than to the other," as stated in the Code. This we think constituted reversible error; for it placed a greater burden upon the defendant than was required by law; that is, it required the defendant to prove her contentions "beyond a reasonable doubt," whereas the law requires her to prove her contentions to such a degree as is "sufficient to incline a reasonable and impartial mind to one side of the issue, rather than to the other." For "moral and reasonable certainty" and "beyond a reasonable doubt" are identical in meaning. *Bone* v. *State*, 102 *Ga.* 387, 391 (30 S. E. 845); *Varner* v. *State*, 27 *Ga. App.* 291 (2) (108 S. E. 80). Thus the judge charged that the defendant must convince the minds of the jury beyond a reasonable doubt, in order to decide the case in favor of the defendant. The Supreme Court has held that "it is not proper in a civil case to instruct the jury that the party on whom rests the burden of proof must establish his contention to a reasonable and moral certainty." *Central of Georgia Ry. Co.* v. *Stiles*, 139 *Ga.* 49 (76 S. E. 570). It might be argued that although this

charge might constitute error, it was not reversible error, because it did not harm the defendant, in that it placed the same burden upon the plaintiff as it did upon the defendant. Such a contention would not be meritorious, for in the instant case both the plaintiff and the defendant had certain burdens to carry; and while under this charge the jury found that the evidence for the defendant was not sufficient to convince their minds beyond a reasonable doubt that the defendant's contentions should prevail, yet they may find under the same evidence, under a proper instruction, that the defendant's evidence is "sufficient to incline a reasonable and impartial mind to one side of the issue, rather than the other." Therefore we think, under the evidence in this case, it being conflicting as to the issues involved, that the charge complained of was erroneous and harmful to the defendant and constituted reversible error.

■ Special grounds 1 and 2 complain of the refusal of the judge to allow the introduction of evidence that the plaintiff had another injury at the time in question. This evidence was properly excluded, and the judge did not abuse his discretion in controlling the cross-examination, as complained of. These grounds are not meritorious.

■ As to grounds 3 and 4. The court properly refused to admit the evidence referred to in these grounds, which was with reference to the use of other waving machines and the manner of giving permanent waves. The question of damages in this case depends upon what was done by the defendant in using the machine in question, and in giving the plaintiff the wave which resulted in her alleged injury, and not what occurred on previous occasions or with reference to other machines. See *Louisville & Nashville R. Co.* v. *Studdard*, 34 *Ga. App.* 570 (10), 572 (130 S. E. 532); *Akins* v. *Georgia Railroad & Banking Co.*, 111 *Ga.* 815 (35 S. E. 671). These grounds are not meritorious.

■ The excerpts from the charge complained of in grounds 5, 6, and 8, when considered in connection with the charge as a whole, do not disclose reversible error.

■ A new trial being granted on a special ground of the motion for new trial, it is unnecessary to consider the general grounds.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*