## 33724.   WALL *v.* SPURLOCK.

Decided January 17, 1952—Rehearing denied February 26, 1952.

*F. L. Breen*, for plaintiff in error.

*John L. Westmoreland, John L. Westmoreland Jr.*, contra.

GARDNER, J. All that is required of a plaintiff is to plainly, fully and distinctly allege the facts, on which he bases his right to recover against the defendants, setting the same forth in an orderly manner with the paragraphs numbered consecutively. He is not required in the interest of good pleading to go into detail and to minutely specify and set out in his petition the evidence on which he relies to make out his case. A petition which is in compliance with this broad rule, if it alleges facts which authorize a recovery by the plaintiff against the defendants, is sufficient to withstand a general demurrer. See *Georgia-Alabama Coca-Cola Bottling Co.* v. *White*, 55 *Ga. App.* 706 (191 S. E. 265); *Justice* v. *Davis*, 62 *Ga. App.* 872 (10 S. E. 2d, 267). The statement of the plaintiff's alleged cause of action was sufficiently full and distinct to enable the court to determine whether a cause of action existed and to enable the defendants to understand the exact nature of the demand made against them by the plaintiff and to properly prepare any defense thereto which they might have.

The plaintiff seeks to recover of the defendants damages for maliciously prosecuting against him a criminal action. This is an action for malicious prosecution. "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action." Code, § 105-801. Where a warrant is issued by the Civil Court of Fulton County, upon affidavit by one of the defendants, as the secretary and treasurer of the corporate defendant, on which the plaintiff is arrested, imprisoned and a commitment hearing or trial is had thereon, same is a prosecution of the person charged in the affidavit with the alleged offense, and the warrant, charging such person with the criminal offense

of larceny after trust, constitutes a criminal prosecution or prosecution of the person charged in the affidavit and warrant for a criminal offense, and where such prosecution is maliciously carried on, a right of action accrues to the person so arrested, imprisoned and prosecuted, where the prosecution is also carried on without any probable cause. Code § 105-802 reads: "Want of probable cause shall be a question for the jury under the direction of the court, and shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." Code § 105-804 reads: "A total want of probable cause is a circumstance from which malice may be inferred, but such inference may be rebutted by proof." Also an inquiry before a committing court or justice of the peace shall amount to a prosecution. Code, § 105-805. In a suit for malicious prosecution of a criminal case without probable cause, "it is necessary to allege and prove that the action in which the process issued, has been finally determined in favor of the defendant therein." *Brantley* v. *Rhodes-Haverty Furniture Co.*, 131 *Ga.* 276 (62 S. E. 222). The petition of the plaintiff here alleges that there was a total want of probable cause, that the prosecution was maliciously carried on by the defendants, and that the same had terminated in favor of the defendant therein, the plaintiff here, when the committing court discharged the plaintiff in this action from said warrant. Such a petition is not subject to general demurrer. In *Grist* v. *White*, 14 *Ga. App.* 147 (80 S. E. 519), it is ruled that "Where a criminal process valid on its face has been maliciously sued out without probable cause, an action for malicious arrest or malicious prosecution is the only remedy."

Where it appears from the allegations of the petition that the plaintiff was arrested and imprisoned by virtue of a warrant charging him with larceny after trust, same being sworn out by one of the defendants, acting individually and as the secretary and treasurer of the corporate defendant, and on the commitment hearing in the Civil Court of Fulton County, the plaintiff was discharged by the committing court, and it is also set up that the plaintiff's prosecution by the defendants was without probable cause and was maliciously carried on, the petition set up a cause of action for malicious prosecution, sufficient to

withstand the general demurrer urged by the defendant, Mrs. Ora B. Wall. See *Peppas* v. *Miles*, 82 *Ga. App.* 438 (2) (61 S. E. 2d, 429).

The 28 special grounds of demurrer, directed to 28 of the 34 paragraphs of the plaintiff's petition are without merit (except as to the ground of special demurrer, to wit, ground No. 22, attacking paragraph 25 of the plaintiff's petition, wherein the plaintiff alleges that the defendants' counsel stated to a named person on March 26, 1951, after this warrant was issued and the plaintiff arrested thereunder, that the only reason the warrant was issued and the plaintiff arrested was for the purpose of collecting a sum of money that the plaintiff owed to the defendants). It does not appear that this statement was made in the presence or hearing of the individual defendant, or of any officer or agent of the corporation. Such allegation is, therefore, irrelevant and not proper to show malice on the part of the defendants, the clients of the attorney. See *Farrar* v. *Brackett*, 86 *Ga.* 463 (6) (12 S. E. 686). This ground of special demurrer should have been sustained and paragraph 25 of the petition stricken.

It follows that the petition was good against the general demurrer and that none of the grounds of special demurrer, except ground 22 are well taken. The court erred in not sustaining ground 22 of the special demurrer directed to paragraph 25 of the petition.

*Judgment affirmed with direction that paragraph 25 of the petition be stricken. MacIntyre, P. J., and Townsend, J., concur.*