44045. WHITE v. GULF STATES PAPER CORPORATION.

ARGUED NOVEMBER 7, 1968—DECIDED MARCH 3, 1969.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith, Marvin P. Nodvin,* for appellant.

*King & Spalding, Charles H. Kirbo, A. Felton Jenkins, Jr.,* for appellee.

FELTON, Chief Judge. At the instigation of the defendant, a time for taking the plaintiff's depositions was scheduled for July 30, 1968. Whereupon, the plaintiff served the defendant with a notice to produce two dozen items of written evidence at the taking of the deposition, stating in the notice that the notice was given in accordance with *Code Ann.* § 38-801 (g). The defendant moved to quash the notice to produce given by the plaintiff on the ground, among others, that § 38-801 (g) does not authorize

the production of documents as sought in the notice to produce, to wit, for use on deposition. The court sustained the motion to quash on the ground above stated and certified the judgment for immediate appeal. The plaintiff appeals from this judgment and enumerates it as error.

The court was correct in his judgment quashing the notice to produce. The only provision for the compulsory production by a party to a case in connection with the taking of depositions is *Code Ann.* § 81A-134 (CPA § 34; Ga. L. 1966, pp. 609, 646; Ga. L. 1967, pp. 226, 233) where the production is under court order, upon showing of good cause for the production, and is confined to production for the purpose of inspection and copying, etc. *Code Chapters* 38-8 and 38-9, which were repealed by Ga. L. 1966, p. 502, dealt only with production of documentary evidence at a *hearing or trial,* and the said Act, substituted for repealed law, does not enlarge the provisions of the repealed law so as to include the taking of depositions as a proceeding at which documents could be required by a notice to produce. It is unnecessary to indulge in many reasons which support this conclusion, since the intention of the legislature seems so clear. One built-in reason is that *Code Ann.* § 81A-134 (b) makes one exception as to what documents may be caused to be produced *without* a court order. This law is singular to Georgia and, for once, we do not have to resort to a search elsewhere as to what it means. The inclusion of one exception precludes other exceptions, it would seem. One other reason suggests itself and that is that, upon the taking of a deposition and the examination of a party, the testimony and its transcription may necessitate the reporter's retaining the custody of documents produced until he can transcribe the testimony, which may include reference to the documents and the copying of some or parts of some in the transcript, during which time the party producing the evidence will not have the protection afforded by the authority of a judge or a court over the documents, and during which time the court reporter may not have or provide a place for the safekeeping and care of the documents. One more reason is that, if a party whose deposition is to be taken wishes to inform himself from documents in possession of the other party in order that he

might the better answer the other parties' questions, he may obtain all the information he needs under *Code Ann.* § 81A-134. The court did not err in quashing the notice to produce.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*