## 59275. STATE OF GEORGIA v. JOHNSON.

McMURRAY, Presiding Judge.

Prior to dawn on the morning of June 29, 1979, the Pickens County Sheriff's Department was notified by the Drug Enforcement Administration that there was an airplane that might be carrying contraband which had dropped off of radar. The Pickens County Sheriff's Department was asked to investigate. Acting on this request, law enforcement officers arrived at the local airport at about 5:45 or 6 a.m. and in the course of their investigation arrested Calvin Tony Johnson. At the time of the arrest Johnson was exiting the airport in his automobile.

Pursuant to the policy of the sheriff's department at the time of Johnson's arrest the sheriff's department took possession of his car and had it driven in by a law enforcement officer who was accompanying the arresting deputy sheriff. Later a search warrant was obtained for Johnson's automobile, and in the course of the search a Narco Avionics Transceiver and a Flight Guide Airport and Frequency Manual, Vol. 2, Central and Eastern United States, were seized.

A libel for condemnation of the automobile, the transceiver and the flight guide was filed pursuant to Code Ann. § 79A-828 (Ga. L. 1974, pp. 221, 258; 1975, pp. 919, 920). A rule nisi issued, defendant answered denying the state's claims, and a hearing was held on the libel for condemnation. The trial court entered its findings of fact and conclusions of law which stated that the evidence failed to show that any of the three items (automobile, transceiver, and flight guide manual) had at any time been used in the commission of a crime. Judgment was entered ordering the return of the three items to Johnson.

An objection (set forth in the judgment) by the state to the return of the transceiver and the flight guide which were evidence in a pending criminal case was overruled. The state did not object to the return of the automobile. The state now appeals from the judgment ordering the return of the transceiver and the flight guide to Johnson. *Held:*

The provisions of Code Ann. § 79A-828 (e), supra, require that the law enforcement officer seizing an article or equipment under the authority of this statute must report the fact of the seizure within 10 days thereof to the district attorney of the judicial circuit having jurisdiction of the county where the seizure was made. Within 30 days from the date the district attorney receives notice of such seizure, he shall cause to be filed in the superior court of that county a libel for condemnation. Thirty days are also allowed the owner of the property to appear and defend said libel. Here the state instigated the condemnation proceedings, obtained a rule nisi for the hearing on August 29, 1979, and when the matter came on for hearing made no motion for continuance but proceeded to a full inquiry as to whether or not the property was subject to seizure, forfeiture and disposition in accordance with Code Ann. § 79A-828 (e), supra. Only after it appeared that the court intended to order the return of the property to the owner did the state move that the items not be returned until completion of the criminal case involved.

As the evidence supports the findings of fact and conclusions of law we do not believe that the law would require the claimant to first file a motion to suppress in the criminal action and seek return of these items to him as the state contends. These exhibits (transceiver and flight guide manual), as to their use in evidence at a criminal trial, would only sustain the testimony of the officers as to what they found in the automobile. The trial court did not err in returning the items to the owner and in overruling the objection of the state that the items were needed in a criminal case as evidence as the state had ample opportunity to prove these items were used in the distribution of a controlled substance here. Since they were not found to have been used in any crime, it was proper to return them to the rightful owner.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 17, 1980 — DECIDED FEBRUARY 27, 1980 —
REHEARING DENIED MARCH 11, 1980 —

*William R. Pardue, Paul Carden, Assistant District Attorneys,* for appellant.

*Edward T. M. Garland, William M. Warner, W. Hays Pickett,* for appellee.