## 60109. JOHNSON v. THE STATE.

CARLEY, Judge.

While investigating a possible violation of the Controlled Substances Act, law enforcement officers arrested Johnson and took possession of his automobile. A search warrant was obtained and a Narco Avionics Transceiver and a Flight Guide Airport and Frequency Manual were seized from the automobile. Pursuant to Code Ann. § 79A-828, a libel for condemnation of the automobile, the transceiver and the flight manual was filed. A hearing was held and the trial court found that the evidence produced by the state failed to show that any of the three items had been used in the commission of a crime. The property was ordered returned to Johnson over the state's objection that the transceiver and the flight manual were evidence in a criminal case then pending against Johnson. On appeal, this court subsequently affirmed, holding: "As the evidence supports the findings of fact and conclusions of law we do not believe that the law would require the claimant to first file a motion to suppress in the criminal action and seek return of these items to him as the state

contends. These exhibits (transceiver and flight guide manual), as to their use in evidence at a criminal trial, would only sustain the testimony of the officers as to what they found in the automobile. The trial court did not err in returning the items to the owner and in overruling the objection of the state that the items were needed in a criminal case as evidence as the state had ample opportunity to prove these items were used in the distribution of a controlled substance here. Since they were not found to have been used in any crime, it was proper to return them to the rightful owner." *State of Ga. v. Johnson,* 153 Ga. App. 816, 817 (266 SE2d 529) (1980).

However, apparently on the same day that the trial court had ordered the return of the property to Johnson, the state, pursuant to Code Ann. §§ 38-801 (g) and 38-802, served Johnson with a notice to produce the items for use in the criminal action pending against him. Johnson's motion to quash this notice to produce was denied but the trial court certified the order for immediate review. Johnson's petition to this court for an interlocutory appeal was granted in order that we might review the propriety of the state's action in seeking the production of the items and the trial court's order compelling Johnson to produce the evidence for his trial.

In accordance with Code Ann. § 79A-828 (e), the libel for condemnation of Johnson's property alleged as "the essential elements of the violation which is claimed to exist" that the vehicle, transceiver and manual had been used and were intended to be used "to facilitate the transportation for the purpose of sale and receipt of the following contraband controlled substances contrary to the laws of Georgia: marijuana, over four (4) ounces." Had the state borne its burden of proof in this regard Johnson's property would have been forfeited and, under Code Ann. § 79A-828 (f) (1) (A) or (C), could have been retained "for official use by any agency of this State or any political subdivision thereof" or placed in the custody of the sheriff or police chief for disposition. However, the trial court hearing the forfeiture proceeding determined that the state failed to prove "the essential elements of the violation which is claimed to exist" and—as this court has held—properly ordered the property returned to Johnson. What the state sought and seeks now through resort to the notice to produce is, in effect, to reseize the property and redivest Johnson of custody and possession by retaining it and using it, in a criminal proceeding, as evidence of his violation of the Controlled Substances Act. We hold that, under the circumstances of this case, the state may not use a notice to produce to accomplish this end.

The original order of the trial court in the forfeiture proceeding, affirmed by this court in all respects, was tantamount to the grant of a motion to suppress because the state failed to prove that the seizure

of the property was made on "probable cause" to believe that such property was at the time of seizure being used or intended to be used in violation of the Controlled Substances Act so as to be subject to forfeiture under Code Ann. § 79A-828 (a). However, in face of this ruling, the state, by using a notice to produce, attempted and attempts to secure indirectly the same disposition of the property which would have obtained had its libel for condemnation been successful—divestment of appellant's possessory rights thereto in favor of custody of the state for official use as evidence of appellant's criminality. "One cannot do indirectly what the law says cannot be done directly. [Cits.]" *Cook v. State,* 141 Ga. App. 241, 242 (233 SE2d 60) (1977). To countenance the state's invocation of Code Ann. §§ 38-801 and 38-802 under these circumstances would be no more than rationalization of that result on the basis of a mere procedural difference in legal contexts which are substantively identical. Johnson, having "moved to suppress" the evidence by virtue of contesting the libel for condemnation and the state having failed to meet its burden in that regard, the state may not use the notice to produce to "reseize" the property for evidentiary purposes. The court erred in denying the motion to quash.

Furthermore, Code Ann. § 38-802 provides: "[A notice to produce under Code Ann. § 38-801 (g)] shall apply . . . *insofar as consistent with the Constitution,* to all criminal cases." (Emphasis supplied.) "[I]t appears that the words 'insofar as consistent with the Constitution' contained in Code Ann. § 38-802 constitute a limitation on the state's use of Code Ann. § 38-801 . . ." *Brown v. State,* 238 Ga. 98, 100 (231 SE2d 65) (1976). Johnson here faces trial under an indictment alleging conspiracy to violate the Controlled Substances Act and that he "did the following overt acts to affect the object of said conspiracy: [Johnson] did possess one portable Narco Avionics Tr 1000 A transceiver, one *Flight Guide Airport and Frequency Manual . . . ,* which said equipment [Johnson] did utilize to maintain ground co-ordination between an incoming airplane and a fuel truck and another vehicle and other parties unknown . . ." Another count of the indictment charges Johnson with "POSSESSION OF TOOLS FOR THE COMMISSION OF CRIME" in that he had in his possession "certain tools commonly used in the commission of VIOLATION OF GEORGIA CONTROLLED SUBSTANCES ACT . . . to-wit: one portable Narco Avionics TR 1000 A transceiver, one *Flight Guide Airport and Frequency Manual . . .* with intent to make use thereof in the commission of said crime. . ." Sanctioning the state's resort to Code Ann. § 38-801 (g) in compelling Johnson to produce the automobile, transceiver and manual for use as evidence against him in his trial under the indictment would be violative of the

constitutional provision of Code Ann. § 2-113 that "[n]o person shall be compelled to give testimony tending in any manner to criminate himself." See generally *Jenkins v. State,* 65 Ga. App. 16 (14 SE2d 594) (1941). "While the language in the United States Constitution has long been construed to be limited to 'testimony,' the Georgia Constitution has been construed to limit the State from forcing the individual to present *evidence,* oral or real." *Creamer v. State,* 229 Ga. 511, 516 (192 SE2d 350) (1972). "An accused cannot be compelled to produce evidence, oral or real, regardless of whether or not it is 'testimonial.' To force the defendant, then, to produce ... potentially incriminating evidence which may be used as evidence in the defendant's prosecution — would violate constitutional sanctions against self-incrimination." *State v. Armstead,* 152 Ga. App. 56, 57 (262 SE2d 233) (1979).

The transcript of the hearing on the motion to quash demonstrates that Johnson urged that unconstitutional self-incrimination would be the result of compliance with the state's notice and argued, therefore, that Code Ann. § 38-802 did not authorize the production of the property sought in the notice. This ground was meritorious and it was error to deny Johnson's motion to quash the notice to produce. Cf. *White v. Gulf States Paper Corp.,* 119 Ga. App. 271 (166 SE2d 910) (1969). "These exhibits (transceiver and flight guide manual), as to their use in evidence at a criminal trial, would only sustain the testimony of the officers as to what they found in the automobile." *State of Ga. v. Johnson,* 153 Ga. App. 816, 817, supra. The state cannot compel Johnson to produce this corroborative evidence.

While we have concluded that the order denying the motion to quash must be reversed, we must note that the trial court was called upon to make its ruling on this complex issue under the most confusing and confounding circumstances. While our final decision has been reached, in no small part, by study of and reliance upon the decision in *State of Ga. v. Johnson,* supra, the trial court in the instant case did not have the benefit of that decision but was compelled to make his ruling at a time when that appeal from the order, entered by another judge, returning the property to Johnson was pending in this court and at a time when an indictment charging Johnson with violations of the drug laws of this state, as evidenced by his possession of the disputed property, was pending in the lower court. Even though, in our opinion, the motion to quash should have been granted, the record affirmatively demonstrates that the trial court analyzed this complex and delicate case in a thorough and judicious manner and is to be commended for certifying for immediate review his order on this important issue.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JUNE 17, 1980 — DECIDED NOVEMBER 19, 1980 —

*William N. Warner,* for appellant.
*Frank Mills, III, District Attorney,* for appellee.