## 64912. HILLERY v. THE STATE.

SHULMAN, Chief Judge.

A jury convicted appellant of driving under the influence (Code Ann. § 68A-902 (a) (OCGA § 40-6-391)); obstruction of a police officer (Code Ann. § 26-2505 (OCGA § 16-10-24)); and attempting to elude police (Code Ann. § 68A-904 (a) (OCGA § 40-6-395 (a)). He was sentenced to three concurrent 12-month sentences. In his sole enumeration of error, appellant contends that a portion of the trial court's charge to the jury impermissibly shifted the burden of proof to appellant. See Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39). We disagree with appellant's assertion.

The jury instruction at issue contained the substance of Code Ann. § 68A-902.1 (b) (3) (OCGA § 40-6-392 (b) (3)), that a legal presumption of intoxication existed if the jury found that a blood, urine, or chemical analysis test showed that appellant's blood contained .10 percent alcohol. Immediately after giving this charge, the trial court instructed the jury that such a test created a rebuttable presumption and that "[t]he burden is on the State to prove to a moral and reasonable certainty and beyond a reasonable doubt that the defendant was under the influence of some intoxicating beverages . . ."

"The charges given [the] jury on this subject, taken together, created merely a permissive presumption of the type considered in County Court of Ulster County v. Allen, 442 U. S. 140 (99 SC 2213, 60 LE2d 777) (1979). Such a presumption 'allows — but does not require — the trier of fact to infer the elemental [element of the crime] fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant.' Id., 60 LE2d 777." Skrine v. State, 244 Ga. 520, 521 (260 SE2d 900). Appellant's enumeration is without merit.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 14, 1983.

*Randall M. Clark,* for appellant.
*Alan B. Smith, Solicitor,* for appellee.