70860. STANFIELD v. THE STATE.
(336 SE2d 337)

POPE, Judge.

Richard Lee Stanfield was convicted and sentenced for driving under the influence of alcohol, a misdemeanor. On appeal he assaults the propriety of his conviction with eighteen enumerated errors. While all are bravely argued, we find no cited error requiring reversal, and only the following warranting further discussion.

1. Pursuant to OCGA § 40-6-392 (a) (3), appellant requested and obtained a blood test conducted at a local hospital shortly after the breath test requested by the arresting officer had been completed at the police station. He assigns error to the trial court's grant of the State's motion to produce the document showing the results of the

additional blood test. See OCGA § 24-10-26. The State concedes, in light of *Johnson v. State*, 156 Ga. App. 496 (274 SE2d 837) (1980), that the grant of the motion to produce was erroneous. Even if error, however, appellant was not harmed thereby. The document itself, although tendered for admission into evidence, was withdrawn by the State upon appellant's objection. Further, testimony as to the results of the blood test was admitted without objection upon appellant's withdrawal of his objection thereto.

2. Appellant assigns error to the trial court's instructing the jury that "this so-called Miranda Right does not exist in a case of driving under the influence of alcohol or drugs. . . ." We agree with appellant that the cited remark is an incorrect statement of the law. This statement occurred in the midst of a rather lengthy explanation by the trial court distinguishing for the jury the applicability of the constitutional rights warning under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and the statutory "implied consent" rights warning provided under OCGA §§ 40-5-55 and 40-6-392. The instruction was prompted by appellant's objection to the arresting officer's testimony as to statements made to him by appellant after the officer had stopped appellant's vehicle for failing to stop at a stop sign. Appellant's objection was overruled and, following the court's instructions, appellant moved for a mistrial pursuant to OCGA § 17-8-55 (now OCGA § 17-8-57) on the ground that the instruction "may have been an expression or an intimation of [the court's] opinion in this case that there was, in fact, alcohol content [and] that . . . later on when he got the blood test, that it would have been decreased."

(a) On appeal appellant argues inter alia that the subject instruction was harmful and prejudicial to his case "in that it put the jury in a wrongful state of mind as to the law in regard to [his] statements." It is apparent that the ground of the motion for mistrial made at trial is entirely different from this ground asserted on appeal and is thus nonmeritorious. See *Houston v. State*, 175 Ga. App. 881 (2) (334 SE2d 907) (1985). Moreover, since the evidence of record did not create an issue as to *Miranda* (see, e.g., *Casserly v. State*, 173 Ga. App. 272 (1) (325 SE2d 889) (1985); *Berkemer v. McCarty*, 468 U. S. __ (104 SC 3138, 82 LE2d 317) (1984)), any error in this regard was harmless. See generally *Weaver v. State*, 67 Ga. App. 692, 695-97 (21 SE2d 542) (1942).

(b) Appellant also assigns error to another portion of the trial court's instructions to the effect that the presence of an attorney was not required before conducting a blood-alcohol test. The court explained: "In the meantime, the blood-alcohol content of his blood, if any, would be decreasing as a general rule although there are circumstances where, if a drink has recently been taken, the blood-alcohol

content could actually increase after the stop, and at some point reach a level where it would then begin to decrease." Appellant argues that this portion of the instruction, as well as other portions, was an improper intimation of the trial court's opinion "that the alcohol content of appellant's blood would have decreased, creating the impression in the mind of the jury that the least accurate of the blood-alcohol tests performed for appellant would have been the one taken *last* in time," in effect leaving the jury "with the impression that the test upon which [appellant] relied . . . in asserting his innocence of the charges lodged against him was invalid."

The evidence of record shows that the first test was taken at 1:42 a.m. (breath test showing .13% blood alcohol) and the second and third tests were taken within five minutes of one another at approximately 2:15 a.m. the same day (blood tests showing .14% and .16% blood alcohol respectively). Appellant's reliance on the last test "in asserting his innocence" was ill-fated. See OCGA § 40-6-392 (b) (3). In any event, although not approving of the instruction as given by the trial court, we find that, when considered in its entirety, no reasonable juror could have inferred that the court was in any way expressing an opinion either as to the state of appellant's intoxication vel non or as to the validity or reliability of any of the three blood-alcohol tests administered to appellant following his arrest. The instruction was nothing more than an explanation by the trial court assigning a reason for his overruling appellant's *Miranda* objection, and, as such, the motion for mistrial was properly denied. See, e.g., *Henson v. State*, 168 Ga. App. 210 (4) (308 SE2d 555) (1983); *Cochran v. State*, 136 Ga. App. 125 (3) (220 SE2d 477) (1975). See also *Hamilton v. State*, 169 Ga. 613 (2) (151 SE 17) (1929).

3. Appellant enumerates as error the trial court's refusal to give a portion of his first request to charge to the effect that the burden is on the State to prove "to a moral and reasonable certainty" and beyond a reasonable doubt that appellant was driving under the influence of alcohol. The trial court refused the quoted language, explaining: "It's not up to the State to prove to a moral and reasonable certainty. It's up to the State to prove beyond a reasonable doubt. But there's no certainty about it, it's just beyond a reasonable doubt." We accept as reasonable appellant's assertion that the subject language, in context, is appropriate in a case such as the one at bar. See *Hillery v. State*, 165 Ga. App. 127 (299 SE2d 421) (1983). See also *Varner v. State*, 27 Ga. App. 291 (2) (108 SE 80) (1921). However, for the following reasons, appellant has suffered no harm by the trial court's exclusion of same. "The phrases, 'to a moral and reasonable certainty' and 'beyond a reasonable doubt,' as applied to the quality of proof in a case, are identical in meaning." *Austin v. State*, 6 Ga. App. 211 (1) (64 SE 670) (1909). It follows that the trial court's use of

"beyond a reasonable doubt" in the case at bar obviated any error in its refusal to charge the requested synonymous language. Cf. *Norman v. State*, 10 Ga. App. 802 (74 SE 428) (1912). Moreover, the charge as a whole was a full, fair and complete statement of the law on proof beyond a reasonable doubt, covering the same principle as appellant's request to charge albeit in other than the exact language requested. Under these circumstances, the trial court's refusal of the requested language was not erroneous. See *Schuh v. State*, 150 Ga. App. 700 (1) (258 SE2d 328) (1979); *Colbert v. State*, 149 Ga. App. 266 (5) (253 SE2d 882) (1979). See also *Brock v. State*, 91 Ga. App. 141 (1b) (85 SE2d 177) (1954).

4. Appellant also cites as error the following charge: "Now, the acts, conduct and demeanor of a person under the influence of intoxicants cannot be accurately reproduced, and for this reason, the question of intoxication *is better determined* from the direct answers of those who saw him than from any description of his conduct." (Emphasis supplied.) Although this language has been cited by the appellate courts of this state as justification for allowing a witness, based upon his observations, to testify whether or not a person was intoxicated and the extent of any intoxication (see *Durham v. State*, 166 Ga. 561 (3a) (144 SE 109) (1928); *Lawrence v. State*, 157 Ga. App. 264 (2) (277 SE2d 60) (1981)), we agree with appellant's criticism of the charge, viz, that it instructed the jury that certain evidence of appellant's alleged intoxication was "better," i.e., entitled to greater weight, than other evidence thereof. See generally *McCrea v. Ga. Power Co.*, 179 Ga. 1 (7) (174 SE 798) (1934). However, this seemingly erroneous instruction was but a small portion of the trial court's entire charge on the issue of intoxication. The court's extensive instructions immediately preceding and subsequent to the instruction isolated here by appellant provided a full and fair basis upon which the jury could judge the evidence of appellant's alleged intoxication. Taken as a whole, we view the trial court's charge on this issue as substantially correct, thus presenting no ground for reversal. See *Georgia R. v. Thomas*, 73 Ga. 350 (3) (1885); *Thomas v. State*, 27 Ga. App. 38 (4) (107 SE 418) (1921). See generally *Brown v. Matthews*, 79 Ga. 1 (1) (4 SE 13) (1887).

5. We have reviewed appellant's remaining enumerations of error and find them to be entirely without merit.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 15, 1985.

*Lawton E. Stephens*, for appellant.

*Ken Stula, Solicitor, Kent Lawrence, Assistant Solicitor*, for appellee.